## Emanuel Lieberman v. Bernard Barman.

*Guaranty: Condition: Performance: Construction.* A guaranty of payment of notes of third persons, to be paid out of the proceeds of a stock of goods belonging to the makers of the notes and on which the guarantor had a mortgage, the stock of goods then being held on a writ of replevin by an outside party, and the guaranty being conditioned to become operative only in the event of the guarantor getting possession of the goods under his mortgage, is held not effectual to make the guarantor liable in case of his failure to get possession of the goods, notwithstanding out of the litigation for possession of the goods he received some portion of the proceeds of the goods, but less than enough to satisfy his mortgage.

LIEBERMAN v. BARMAN.

*Guaranty: Condition: Construction.* The condition in the guaranty, that it should become operative only in the event of the guarantor getting possession of the goods on his mortgage, would not be answered by the guarantor's merely getting payment of his mortgage debt; the natural and obvious sense of the words of the condition import something more than this, and there is nothing to warrant a departure from that sense in construing the guaranty.

*Submitted on briefs April 12. Decided April 24.*

Error to Superior Court of Detroit.

*Atkinson & Atkinson,* for plaintiff in error.

*Crofoot & Kudner,* for defendant in error.

GRAVES, J:

Lieberman sued upon two small notes made by defendants and on a provisional guaranty of payment of defendant of two other notes given respectively for three hundred and seventy-eight dollars and some cents by A. M. Barman & Bro.

He was allowed to recover on the small notes, but a verdict was found against him on the guaranty, by direction of the court. He now asks a reversal on writ of error and bill of exceptions. The substantial question is, whether the court erred in ruling against his right to recover on the guaranty, there being no preliminary points in the way. If there is any ground on which the ruling should be justified, there can be no occasion to look further. The verdict ought not to be disturbed.

Some explanation is expedient.

A. M. Barman & Bro. were merchandizing at Lapeer, and defendant Bernard Barman held a mortgage on their stock, given in 1873, for six thousand dollars. Mr. Henry, a deputy sheriff, took part of the stock on an attachment, and soon after one Hyman, by replevin in the court of the United States against Henry, Barman & Bro. and defendant Bernard Barman, seized the entire stock.

In this state of things and on January 30, 1874, the defendant gave Lieberman & Schloss the guaranty in ques-

tion. It was as follows: "Lieberman & Schloss holding two notes made by A. M. Barman & Co., payable to the order of Lieberman & Schloss in sixty days and four months from the date thereof respectively, one bearing date October 18, 1873, and the other bearing the date of January 10, 1874, now in consideration of the promise of Lieberman & Schloss to extend the time of payment of said notes for the period of thirty days from the day they are respectively due and payable, I, the undersigned, do hereby guaranty the payment of said notes at the expiration of said thirty days' extension, the same to be paid out of the proceeds of the stock of goods of said A. M. Barman & Co. in the village of Lapeer, on which I have a mortgage, this guaranty to be operative only if I shall get the possession of said stock of goods under said mortgage.—*B. Barman.*"

When replevied by Hyman, the stock was appraised at seventeen thousand dollars.

Within a day or two after this guaranty was given, and on the 3d of February, Freedman Bros. filed a petition in bankruptcy against A. M. Barman & Bro., and an order to show cause was granted.

March 5th Lieberman & Schloss became intervening petitioners, and set up the indebtedness of A. M. Barman & Bro. on the notes covered by the guaranty. March 21st A. M. Barman & Bro. were adjudged bankrupts, and on April 19th Lieberman & Schloss proved their claim on the two notes. A tedious and expensive litigation grew out of the conflicting claims to the stock of goods of A. M. Barman & Bro. The assignee in bankruptcy was substituted as defendant in Hyman's suit. The defendant Bernard Barman never got possession of the goods. He obtained at last only four thousand seven hundred and sixty-five dollars and thirteen cents of the proceeds. It is hardly needful to trace the circuities. The plaintiff became sole owner of the guaranty, and in setting forth his cause of action upon it, he averred in literal terms the accruing of the contingency or condition on which the guaranty was to become operative.

The plaintiff's counsel now argues that the sense of the guaranty was, that defendant should be bound for the payment of the notes of A. M. Barman & Bro. if he succeeded in getting in his own mortgage debt, and he next insists that defendant virtually and in legal effect accepted what he received in place of possession, and hence became fixed on the guaranty as fully as he would have been if he had received actual possession.

The reason for the position, that the expression as to getting possession as a prerequisite to the operation of the guaranty only meant that defendant should first obtain payment of his mortgage debt, is said to be, that if defendant had acquired possession he could not have held it for any purpose except to obtain the mortgage debt, and would have been compelled to yield possession on getting that. This is not satisfactory. The reasoning proceeds on the unwarranted assumption that defendant could not have contemplated and did not contemplate any power over the goods except such as would depend on the mortgage alone. It tacitly denies that there was any arrangement or understanding between defendant and his mortgagors, and whom he was in the act of helping, for appropriating any of the stock to satisfy the two notes. The evidence affords no ground for the assumption that defendant was not influenced by some arrangement or understanding with A. M. Barman & Bro. There is no proof of that kind. We do not know what understanding existed between defendant and his mortgagors to induce him to take the risk indicated by the guaranty. Reasoning from experience, it would be natural to suppose that there was some arrangement or understanding on which defendant acted. The notes were liabilities of A. M. Barman & Bro., and not of defendant, and it would hardly be reasonable to assume without evidence that when he stepped in to secure an extension, and in consideration of it agreed to pay the notes out of the stock mortgaged to him, in case he should get possession of it, he had no understanding whatever with the owners of the stock to

warrant his promise, and meant that the amount of the notes should come out of his mortgage demand, in case he obtained that and nothing more; and yet the plaintiff claims that such was the nature of the arrangement. The position does not appear tenable. If it were admitted, however, that defendant had no right except what his mortgage gave him, the result claimed by the plaintiff would not be a necessary one. But there is no occasion to examine the question in this aspect. It is sufficient that the ground taken by the plaintiff is not maintainable. There is nothing to warrant a departure from the natural and obvious sense of the words. The guaranty was to become effective, not on defendant's receipt of his mortgage debt, but on the acquisition of possession of the mortgaged goods, and the declaration, following this sense, averred that possession was obtained. The averment was material. The proof showed that possession was not obtained, and further that defendant, after the deduction of necessary legal expenses, received only some two-thirds of his mortgage debt. We need not inquire whether the case would not fail on the ground of variance between the averment of fact on which the operation of the guaranty depended, and the proof of facts which it is claimed satisfied the legal effect of the condition in the guaranty. The event on which the guaranty was to become obligatory was shown not to have occurred, and the ruling of the court was correct.

The judgment should be affirmed, with costs.

The other Justices concurred.