### LEWIS M. POWELL v. JACKSON COMMON COUNCIL.

*Title of statute—Enacting clause—Notice of election—Amendments to bills.*

"An act to amend the charter of the city of Jackson," changed the office of city attorney from one of appointment to one of election. *Held* that its title sufficiently complied with the constitutional requirement that the purpose of every act shall be expressed in its title.

A statute is not invalidated by the fact that the bill, when introduced, had no enacting clause.

Statutory notice of an election was held to be dispensed with, in the particular instance, where the statute was so amended as to require the election of an officer not previously provided for but the amendment went into effect too late to give the statutory notice before the election.

Amendments made to a bill after the expiration of the period limited by the Constitution for the introduction of new bills, are not invalid for that reason if they indicate no purpose to violate the Constitution and do not exceed the proper limits of legislative discretion.

Mandamus. Submitted June 12. Granted June 22.

*L. M. Powell* in person, and *T. A. Wilson* for relator.

City Attorney *Chas. A. Blair* for respondent.

SHERWOOD, J. Under the charter of the city of Jackson, as it stood previous to March 28, 1883, it was the duty of the common council, on nomination made by the mayor of the city, to elect a city attorney. On the 28th day of March, by an amendment of the charter, which took effect on that day, the office of city attorney became elective.

---

iff's right accrued immediately and there can be no recovery in this action because of the statute of limitations."

The provision under which the change was made reads as follows: "Section 1. The following officers shall be elected from among the electors of said city, viz: A mayor, recorder (who shall be school inspector), treasurer, city attorney, two school inspectors, and four constables."

At the annual charter election, held April 2, 1883, the relator was a candidate for the office of city attorney, and received a majority of the votes cast for that office, as shown by the returns made from the various voting precincts in the city to the recorder of the city.

The notice of the annual election in the city for officers in 1883 did not contain the office of city attorney, there not being sufficient time to include the same after the passage of the amendment of the charter and before the election was to take place.

The common council of the city, whose duty it was to canvass the votes given for the various candidates, as returned from the several wards, refused to canvass or declare the votes given for the relator, and he now prays that the council may, by writ of mandamus, be required to determine and declare the result of the election for city attorney, and that the recorder of the city make and file the proper certificate of such determination, as required by the charter.

There were several questions presented in the briefs of counsel on both sides which cannot be considered on this motion, and are, therefore, not further alluded to. It is claimed by respondents that the title to the bill amending the charter providing for the election of city attorney was defective in not sufficiently stating the object of the bill, and that the bill contained no enacting clause, and the amended charter was, therefore, unconstitutional and of no effect. Upon these points this case comes within the ruling of this Court heretofore made, and which is against the position taken by respondents. *People v. Mahaney* 13 Mich. 481; *Kurtz v. People* 33 Mich. 279; *People ex rel. Chapoton v. Common Council of Detroit* 38 Mich. 636; *People ex rel. Comstock v. Judge Sup. Ct. Grand Rapids* 39 Mich. 195; *People v. State Insurance Co.* 19 Mich. 398.

By the provisions of the revised charter of the city, passed in 1875, notice of the time and place of holding election and the officers to be elected is required to be given by the recorder of the city eight days before the election, by posting up such notice in three public places in each ward in which the election is to be held, and by publishing a copy thereof in a newspaper published in the city. This notice was not given or publication made, as required by the statute. The amended act failed to provide for any notice of the election of city attorney to be given; and it is claimed by respondent, by reason of the impossibility to give the notice required under the old charter, no valid election of city attorney could be had. The requirement of notice was omitted.

It was competent for the Legislature, by its enactment, to dispense with all notice whatever of the election of this officer, and in this case it seems to have done so; at least, for the election in 1883.

The writ must be granted in accordance with the prayer of the relator, and with costs to the relator.

CAMPBELL, J. concurred.

COOLEY, J. I concur in the result. The case of *People v. Mahaney* 13 Mich. 481, and other cases previously decided by this Court, dispose of the objection to the title of the bill. The argument that the bill as passed had been so amended after the time for the introduction of new bills had gone by as to have become substantially a new bill, and that to sustain the act would be to sanction an evasion of the Constitution, is plausible but not sound. The amendments were extensive, but they indicate no purpose to violate the Constitution, or to exceed the proper limits of legislative discretion. *Pack v. Barton* 47 Mich. 520.

The principal question in the case is whether the election could be valid which took place with only such notice as is implied from the law itself. I think it could be and was. The necessity for the publication of notice comes from the statute, and when that is so changed as to provide for an

election within a time so short that the notice previously required is impossible, the amendment must be understood as doing away with the requirement for that election.

GRAVES, C. J. concurred.