STERLING NUGENT, DRAIN COMMISSIONER OF THE COUNTY OF HURON, v. MOSES ERB, SUPERVISOR OF THE TOWNSHIP OF CHANDLER.

*Drains—Proceedings to establish—Refusal to make assessment.*

1. Where, owing to defects in the proceedings of a drain commissioner, no legal drain can be laid out, a supervisor is justified in refusing to assess taxes therefor.
2. The order of a county drain commissioner, made under section 3 of chapter 3 of Act No. 227, Laws of 1885, determining the practicability of a proposed drain, is fatally defective if it fails to establish its commencement, route, terminus, width, length, and depth.

*Mandamus.* Argued February 2, 1892. Denied February 3, and opinion filed February 11, 1892.

Relator applied for *mandamus* to compel respondent to assess a drain tax. The facts are stated in the opinion.

W. T. Bope and E. C. Chapin, for relator.

Hiram L. Chipman and E. F. Bacon, for respondent.

PER CURIAM. Relator asks for a *mandamus* to compel the respondent, who is supervisor of his township, to assess a drain tax.

The relator is county drain commissioner. The supervisor refuses to assess the tax on account of certain defects in the proceedings to lay out the drain. Among other defects claimed are the following:

1. That the order of the commissioner determining the practicability of the drain does not establish the commencement, route, width, length, or depth of the proposed drain.

2. That the papers were not filed with the county clerk until January, 1891, while the order required the assessment to be made in the year 1890.

The commissioner is required by the statute, in determining the practicability of the proposed drain, to find the width, depth, length, commencement, and the terminus thereof. His application to the probate court, if made, is also to describe the property to be taken. There was no such description of the property to be taken as is required. The case is governed by *Kroop v. Forman,* 31 Mich. 144; *Milton v. Commissioner,* 40 Id. 229.

As the proceedings are shown to be defective in this respect, we need not pass upon the other point.

The proceedings being so defective that no legal drain could be laid out, the supervisor was not in the wrong in refusing to assess the tax.

Writ denied.