THE UNION SCHOOL-DISTRICT OF THE TOWNSHIP OF ROGERS v. HARVEY L. PARRIS.

*Schools and school-districts—Taxes—Duty of supervisor.*

*Mandamus* will lie to compel a supervisor to assess school taxes directed by the board of supervisors to be spread upon his assessment roll pursuant to sections 36 and 37 of the tax law of 1893, which provide that it shall be the duty of the township clerk to certify all statements of taxes to be raised in his township for presentation to the board of supervisors, and of the board to examine such statements, and direct the spreading of such

taxes as shall be authorized by law; such latter section making the action and direction of the board final as to the levy and assessment of such taxes.[1]

*Mandamus.* Argued November 21, 1893. Granted November 28, 1893.

Relator applied for *mandamus* to compel the respondent to spread certain school taxes upon his roll. The facts are stated in the opinion.

*James McNamara,* for relator.

*William E. Rice,* for respondent.

LONG, J. *Mandamus* is asked to compel the respondent supervisor to spread the sum of $1,300 on his assessment roll for the present year, that being the amount certified to him by the school-district to be raised for school purposes.

It appears that the petitioner was organized as a union school-district by Act No. 408, Laws of 1871. At the time of its organization, it contained all the territory embraced in 10 congressional townships, which territory was all included in the township of Rogers, and constituted Presque Isle county. In 1875, by Act No. 80, certain of this territory was taken from the township of Rogers, and the townships of Posen, Belknap, and Moltke organized. These townships organized primary school-districts immediately following that act, and have ever since maintained them, thus totally ignoring the union school-district of the township of Rogers since that time. By Act No. 387, Local Acts of 1885, the act creating the union school-district of the township of Rogers was amended by adding

[1] See *Board of Supervisors v. Supervisor of Mentor Tp.,* 94 Mich. 386, holding that *mandamus* will not be granted to compel a supervisor to spread upon his roll that portion of the county tax certified to him which, while purporting to have been voted for the purchase of a poor farm, is really being raised to aid in securing a location for a tannery in the county.

two new sections, and amending section 19 of the former act. The sections provide for a method of detaching territory from the petitioner when territory is detached from Rogers township, and new townships are organized. At the last session of the Legislature, an act was passed organizing the township of Bearinger out of certain of the territory embraced in the township of Rogers. Act No. 279, Local Acts of 1893. The inhabitants of that territory perfected the organization of the township at 'an election held on April 3, 1893, in accordance with the legislative act, by the election of township officers, who have qualified and entered upon the duties of their respective offices. That township has also organized its territory into primary school-districts for educational purposes. The petitioner's district embraces the village of Rogers, containing a population of about 500, and which has a high school, which is kept in session from September 1 to about June 20 each year. At the annual meeting of the petitioner, of which due notice was given, $1,000 was voted for current expenses, and the sum of $300 to pay interest on indebtedness. Notice of this action was served in due form upon the respondent, who is supervisor of the township, to place these amounts upon the assessment roll of that township. He refused to spread the tax upon his township, claiming by his answer that the territory embraced within the townships of Posen, Belknap, Moltke, and Bearinger is a part of the territory of the union school-district of the township of Rogers. He says that he laid the matter before the board of supervisors of that county, with a request that they apportion this tax to the several townships named, and that this action was refused by the board, and that the board of supervisors, by resolution, directed the tax to be spread entirely upon the township of Rogers, as now constituted. He also says that, at least, the tax should be spread upon the territory embraced within the

township of Bearinger, and that for that purpose he has certified the amount of taxable property in his township to the supervisor of Bearinger, for the purpose of apportionment of the tax between the two townships, but that the supervisor of Bearinger refuses to spread the same, or any part thereof.

These are questions which in no manner concern the respondent. He was bound to spread the tax upon his township. It was properly certified to him, and directed by the board of supervisors to be spread. How. Stat. § 5090; Act No. 206, Laws of 1893, § 39. When the townships of Posen, Belknap, and Moltke were organized, the union school-district of Rogers lost jurisdiction over that territory. *People v. Ryan,* 19 Mich. 203. The same may be said of the township of Bearinger. But, even if this were not so, the supervisor could not refuse to assess this tax as directed. Section 5090, How. Stat., provides that it shall be the duty of the supervisor to assess taxes voted by school-districts. By section 36, Act No. 206, Laws of 1893, it is made the duty of the township clerk to certify all statements of taxes to the supervisor, who is to deliver the same to the county clerk to be laid before the board of supervisors; and by section 37 the board of supervisors is directed to examine these statements, and direct the spreading of the taxes. In the last part of that section it is provided, as to the duty of the board of supervisors:

"They shall direct that such of the several amounts of money proposed to be raised for township, school, highway, drain, and all other purposes as shall be authorized by law be spread upon the assessment roll of the proper townships, wards, and cities. Such action and direction shall be entered in full upon the records of the proceedings of the board, and shall be deemed final as to the levy and assessment of all such taxes."

Under these provisions of the statute, there is nothing left for the individual supervisor to exercise any discretion

upon.   He must assess the taxes as determined by the board.
It appears that this tax was properly certified and directed
to be levied by the board of supervisors.   The respondent's
duty was to follow the directions of the board.

The writ will issue, as prayed.

The other Justices concurred.