CITY OF JACKSON *v.* JACKSON COUNTY TREASURER.

1. STATUTES—TITLE—AMENDMENT OF CHARTER.

The title of Act No. 376, Local Acts 1897, "An act to amend the charter of the city of Jackson, to repeal certain sections thereof, and to add certain sections thereto," is sufficiently comprehensive to cover a provision that, instead of tax sales being conducted by the city recorder as theretofore, the city treasurer should make returns to the county treasurer for collection under the general law.

2. COUNTY TREASURERS—MINISTERIAL DUTIES—TAXES.

The county treasurer has no authority to pass upon the regu- larity of tax proceedings when called upon to receive and file reports of delinquent taxes returned to him by a city treas- urer in pursuance of the city charter.

*Certiorari* to Jackson; Peck, J.   Submitted May 10, 1898.   Decided June 7, 1898

*Mandamus* by the city of Jackson to compel Joseph Weinhold, treasurer of Jackson county, to receive and file the city treasurer's report of lands delinquent for taxes.   From an order granting the writ, respondent brings *certiorari*.   Affirmed.

*John W. Miner* (*Grove H. Wolcott*, of counsel), for relator.

*Richard Price*, for respondent.

GRANT, C. J.   The respondent refused to receive and file in his office the reports of delinquent taxes for the year 1897.   The city of Jackson thereupon applied to the circuit court for a writ of *mandamus* to compel the respondent to receive and file the reports, and proceed, under the law, to the sale of the delinquent lands.   The writ was granted,

and the proceeding is before us for review upon the writ of *certiorari*.

Under the charter of the city prior to 1897, such sales were conducted by the recorder of the city. By Act No. 376, Local Acts 1897, chap. 23, § 11, the charter was amended, providing that the city treasurer should make returns for lands delinquent for taxes to the county treasurer, to be collected under the general laws of the State.

1. The principal reason advanced for the action of the respondent is that the object of the law was not expressed in its title, and that, therefore, the law is void. The title is as follows: "An act to amend the charter of the city of Jackson, to repeal certain sections thereof, and to add certain sections thereto." No discussion is necessary. The case is ruled against the respondent by *Powell* v. *Jackson Common Council*, 51 Mich. 129.

2. The return is attacked for certain alleged irregularities and defects claimed to appear on the face of the records presented to the respondent. The county treasurer is not clothed with the judicial power to pass upon the regularity of tax proceedings. His sole duty is to proceed as the law directs. This case is in no respects similar to *Board of Supervisors of Cheboygan Co.* v. *Township of Mentor*, 94 Mich. 386, where we held that this discretionary writ would not be issued to accomplish a confessedly illegal purpose.

The judgment is affirmed, and the respondent directed to proceed in accordance with this opinion.

The other Justices concurred.