VAN AKIN *v.* DUNN.

1. DRAIN ORDER—REVOCATION.
   The acceptance by a drain commissioner of work under a drain contract, and the issuance of an order in payment therefor, is not such a judicial determination of the validity of the claim as will preclude the commissioner from revoking his action, and stopping payment of the order, upon the discovery of defects in construction not apparent when the order was issued.

2. SAME—ASSIGNMENT—EQUITIES.
   Where the payee of a drain order is not entitled to payment because he had not completed work for which it was given, his assignee is in no better position.

3. MANDAMUS—CLAIM AGAINST COUNTY.
   *Mandamus* to compel payment of a claim against a county should be refused where the record shows its injustice.

| 117 | 421 |
| 126 | 348 |
| 117 | 421 |
| 128 | 607 |
| 117 | 421 |
| s75NW | 938 |
| 130 | ³556 |
| 117 | 421 |
| 136 | ³514 |
| 117 | 421 |
| 141 | ³ 95 |
| 117 | 421 |
| f144 | ³ 79 |
| 117 | . 421 |
| 150 | ³152 |
| 117 | 421 |
| 152 | ³358 |
| 117 | 421 |
| 156 | ¹182 |
| f156 | ³183 |

*Certiorari* to Monroe; Kinne, J.   Submitted May 17, 1898.   Decided June 28, 1898.

*Mandamus* by Simeon Van Akin to compel Luke Dunn, treasurer of Monroe county, to pay a certain drain order. From an order granting the writ, respondent brings *certiorari*.   Reversed.

*John O. Zabel*, for relator.

*Willis Baldwin*, for respondent.

HOOKER, J.   The relator obtained from the circuit court a peremptory writ of *mandamus* requiring the respondent to pay a certain drain order alleged to have been purchased from the payee named therein after presentation and demand of payment by the holder and refusal by the respondent.   The respondent has brought the case to this court by *certiorari*.

The return of the treasurer to the order to show cause,

issued by the circuit court, shows that the drain in question was laid out by a township drain commissioner, but that his office was abolished by law before payment was made, and the matter passed under the control of the county drain commissioner. The township commissioner let a contract to Daniel Bolton to make the required excavation, and lay 13-inch tile in a section of said drain. On March 16, 1898, the relator presented the order in dispute for payment, which was refused, although there was then, and is now, sufficient money in said drain fund, of said drain, to pay the same. Respondent's reason for not paying it was that he had been previously notified by the county drain commissioner to refuse payment until further notice, because the work for which the order was given had not been completed. Respondent shows, further, on information and belief, that Bolton did some work upon such contract, under the township commissioner, who verbally reported it to the county drain commissioner as accepted; that the township commissioner's office was abolished by Act No. 254, Pub. Acts 1897, taking effect June 2, 1897; that the moneys assessed to pay for the drain were paid to the respondent; that the order was of necessity, and in accord with the act, issued by the county drain commissioner, who had no personal knowledge of the work, and that, after issuing the order, he learned that the contract was not completed, whereupon he notified the township treasurer not to accept the order in payment of the drain tax, but to treat it as wholly void, which he accordingly did. Respondent also refused payment of said order to Bolton some time in January or February. The return states, further, that, by reason of the covering of the tile, it was impossible to ascertain, from an inspection, whether or not the work had been properly done, but that in the fall of 1897 the water did not run through said drain, and, upon excavating, it was found that the tile had been laid 13 inches above the prescribed grade, which practically destroyed its efficacy, and made it necessary to reconstruct that section of the

drain; that Bolton has been repeatedly notified to place said tile upon the grade, and informed that, upon his doing so, no objection would be made to payment, but Bolton has refused to do so.

Upon the part of the relator it is contended that the acceptance of the construction of a drain contract is a judicial determination, and, having exercised the power, the commissioner cannot revoke or repudiate his action.   It is contended, further, that the treasurer had no discretion, but was legally bound to pay the order upon presentation, and that, if the contract was not performed, the remedy is on the bond given by the contractor.

Settlements of contract rights by public authorities and officers have not usually the force of judicial determinations.   They are more in the nature of adjustments between parties, and are subject to defense, when fraud or mistake can be shown, as in cases between private parties. See 15 Am. & Eng. Enc. Law, 1220, and cases cited.   In the case of *People* v. *Supervisors of Manistee County*, 33 Mich. 497, this court held that a board of supervisors might reconsider a claim after allowance, and that it would not issue a *mandamus* to compel the clerk of the board to issue his warrant upon the claim as first allowed.

Again, the record clearly shows that Bolton did not perform his contract, and that he is not entitled to payment, and in this respect his assignee is in no better position. The writ of *mandamus* is a discretionary writ, and, while it may issue where there is a clear legal right, a court should always refuse it where the record shows the injustice of the relator's claim.   This it may do, and should do, in the interest of fair dealing and good morals, whenever the claim is tainted with fraud.   Merrill, Mand. § 68.

The order of the circuit court is reversed, and the writ is denied, with costs.

The other Justices concurred.