SCHOLTZ *v.* SMITH.

1. DRAIN TAXES—DUTY OF SUPERVISOR.

The board of supervisors having ordered a drain tax to be spread upon the assessment roll of a township, it is not within the province of the supervisor of such township to refuse compliance because, in his judgment, the drain proceedings were irregular.

2. SAME—CERTIORARI TO CIRCUIT COURT—RETURN.

In *certiorari* to review a *mandamus* issued out of the circuit court to compel a supervisor to spread upon his roll a certain drain tax, as directed by the board of supervisors, the circuit judge's return that the answer below raised no question as to the board's having made the order, and that the fact appeared from the proceedings of the board furnished at the hearing, is conclusive that the tax was ordered spread.

*Certiorari* to Gratiot; Daboll, J. Submitted February 9, 1899. Decided April 4, 1899.

*Mandamus* by Charles A. Scholtz, drain commissioner of Gratiot county, to compel Gordis Smith, supervisor of Pine River township, to spread a drain tax upon the assessment roll of said township. From an order granting the writ, respondent brings *certiorari*. Affirmed.

*J. Lee Potts*, for relator.

*Newell Leonard*, for respondent.

HOOKER, J. The relator is drain commissioner of the county of Gratiot, and the respondent is supervisor of the township of Pine River, in said county. In 1898 the former attempted to lay out and construct a drain, called "Drain No. 104," and to procure the assessment of the cost thereof, as required by law, upon the township, and owners of lands benefited thereby. The board of super-

visors ordered the assessment spread upon the roll, but the respondent refused to do so, attempting to justify his action by an order of the township board directing him not to spread it. The relator applied to the circuit court for a *mandamus* to compel it, which resulted in an order directing a peremptory writ to issue, and the respondent has brought the proceeding to this court by *certiorari*.

The brief of counsel for the respondent attacks the proceedings of the drain commissioner upon many grounds, and apparently seeks to justify the respondent in his disobedience of the order of the board of supervisors to spread the tax by showing that the drain proceedings were irregular. Among the reasons given for the supervisor's refusal are:

1. The order of the township board.
2. Because he had been informed that the right of way had not been lawfully secured.

As reasons why the order of the circuit court should be reversed, he adds to the above the following:

3. That the petition for *mandamus* does not affirmatively allege that the relator had obtained the right of way; that it does not show any legal authority for the apportionment of the tax.
4. That the drain cannot be completed by October 1, 1898, and therefore the tax should not be added to the current roll.
5. That the relator falsely stated that the estimated cost of the drain was $3,400, and that the roll, as corrected by the striking off of the assessment of two persons, will produce but $3,148.40.

These are the principal claims made in the answer.

We have held that the supervisor is not vested with the authority to sit in judgment upon the action of the board of supervisors. When, in the exercise of their lawful authority, they order a tax to be spread, it is his duty to spread it, and not block the regular course of the public business by refusal because he may think that the board should have decided differently. Nor is it a part of the

official duty of the supervisor to sit in judgment upon drain proceedings, which are within the jurisdiction of another officer. If his ideas of the sufficiency of petitions and other papers in drain proceedings, and the rumors that come to his ears about irregularities, and his notion of the time that taxes should be laid with reference to the completion of the drain, are to be held sufficient to justify a refusal to spread a tax which the duly-constituted authorities have ordered spread, the public business in connection with drains will be seriously embarrassed as soon as the fact becomes generally known. This question was before the court in the case of *Laubach* v. *O'Meara*, 107 Mich. 29, and we think the rule there laid down is applicable here. As a rule, it is safe for a public officer to obey the commands of the law, and perform the duties imposed upon him, without attempting to find an excuse for refusing in irregularities in the proceedings of others, with which he has nothing to do.

It is urged that the cases of *Nugent* v. *Erb*, 90 Mich. 278, and *Board of Supervisors of Cheboygan Co.* v. *Township of Mentor*, 94 Mich. 386, justify respondent's conduct. The prevailing opinion in the latter case admits that circumstances must be extraordinary which will justify a refusal by an officer to perform a statutory duty, and the refusal to grant the writ in that case may be ascribed to the exercise of a lawful discretion. See *Laubach* v. *O'Meara*, 107 Mich. 32.

It is said that the board of supervisors did not order the taxes spread. The circuit judge's return shows that the answer raised no such question, and that the proceedings of the board furnished upon the hearing show that the order included the assessment for this drain. We must take this as conclusive.

The order of the circuit judge is affirmed, with costs against the respondent.

The other Justices concurred.