BOARD OF STATE TAX COMMISSIONERS *v.* QUINN.

1. TAXATION—STATE TAX COMMISSIONERS—CORRECTION OF ROLL—CHANGED VALUATIONS—DUTY OF ASSESSOR.

Section 39 of the general tax law (Act No. 206, Pub. Acts 1893) provides that the assessor shall assess the taxes according to the valuations entered in the assessment roll by the board of review. Act No. 154, Pub. Acts 1899, §§ 152–154, authorize the board of State tax commissioners to change and correct the valuations in the assessment roll as made by the board of review, and to add property omitted therefrom. *Held,* that the term " board of review," in section 39, applies to the local board or the State board, as circumstances require, and, where the State board has changed the valuations, the taxes should be assessed according to the valuations as so changed.

2. SAME—MINISTERIAL DUTIES—SUBORDINATE OFFICERS.

An assessor may not refuse to spread the taxes upon his roll according to valuations fixed by the board of State tax commissioners because he is of the opinion that the action of the board is irregular and void for nonconformity to the requirements of the statute.

3. SAME—LOCAL SELF-GOVERNMENT—CONSTITUTIONAL LAW.

Act No. 154, Pub. Acts 1899, creating a board of State tax commissioners to supervise and correct assessments, is not void as an infringement upon the constitutional right of local self-government.

*Mandamus* by the board of State tax commissioners to compel John H. Quinn, assessor of the city of Ishpeming, to spread the taxes upon his roll according to the increased valuations fixed by said board. Submitted October 30, 1900. Writ granted November 7, 1900.

*Horace M. Oren,* Attorney General, for relator.

*H. O. Young* (*B. J. Brown,* of counsel), for respondent.

HOOKER, J. The board of State tax commissioners applies for a *mandamus* to compel the respondent, who is

the assessor of the city of Ishpeming, to levy all of the taxes upon his assessment roll, including local, county, and school, as well as State, taxes, according to the increased valuations placed upon property upon said roll, and not according to the valuations of the local board of review, which its petition alleges that he refuses to do. The petition states that it was made to appear to the board that certain property in the city of Ishpeming had been omitted from the assessment roll of the city, and that individual assessments therein had not been made in accordance with law, and that thereupon said board made an order requiring the city assessor of said city, and the supervisors and assessors of other municipalities in said county, to appear before said board with their respective assessment rolls at a time and place therein designated, and that said order was duly served upon each of said officers. It alleges further that, at the time and place mentioned, said board met, a majority of the members thereof being present, and reviewed the assessment rolls produced, including that of the respondent, and determined upon satisfactory evidence that a number of additions and alterations should be made to respondent's roll; and the board placed in a proper column, after the respective descriptions of said property, the true cash value as determined by said board, and added to the said roll as corrected the certificate required by section 152 of the tax law, being section 152 of Act No. 154 of the Public Acts of 1899; and that it became the respondent's duty to spread the taxes upon the basis of said corrected valuations. The respondent does not deny his refusal to so spread the taxes, but by way of answer attacks (1) the constitutionality of the law establishing said board; (2) the validity of its order, and subsequent action in reviewing and certifying the roll; (3) the claim of the board that the law requires him to spread the tax upon its valuation.

It is maintained that the act creating this board is susceptible of a construction in harmony with the idea of local self-government, and that, if it can be said that it

was designed to obtain information for the purpose of the State and local authorities, upon which the latter might act in the performance of their duties, it may not be unconstitutional; but that, if it is to be construed to authorize the board to alter and change the assessment roll, it deprives constitutional officers of their powers, and the municipalities of their constitutional right of local regulation of such matters, which, it is said, existed at the time the Constitution was adopted, and was recognized and preserved by it. We think sections 152, 153, and 154 of said law inconsistent with the theory that the work of this board is merely advisory. It seems to have been contemplated that the board should review the assessments of individuals. Hence section 152 provides for notice to persons whose assessments are questioned, and an opportunity for them to be heard. The board establishes the valuation, and its action is made final. There is no hint that it is advisory to the assessor. He has no further act to perform in relation to establishing such value; not even to place the values determined by the board on the roll. It is done by the board, and it is called a "change" and a "correction" of the roll. Not only may the board deal with individual assessments, but, when a general review is required, it may be made. This is especially provided for, and indicates that what precedes it with reference to individual assessments was not supposed to cover a general review. The board reviews the roll, and determines, not what shall be done by some one else, or at another time, but the "amounts of the assessments;" and it may change them to conform to the law. Section 154 shows that it was intended that their conclusions should be acted upon, for it requires the board of supervisors to levy against property which has in previous years escaped taxation a tax for the several years that it has escaped at the rate which has been paid by others during said years, which it is made the duty of the board of supervisors to ascertain.

It is said that it was not intended that the assessor should spread the tax upon the basis of the roll as corrected

by the State board, and that this is evidenced by the failure of the legislature to amend or repeal section 39, Act No. 206, Pub. Acts 1893, which provides that "the supervisor * * * or assessing officer * * * shall proceed to assess the taxes apportioned to his township or assessment district according and in proportion to the valuations entered by the board of review in the assessment roll." We think a construction is possible which can give effect to all of the provisions of the statute. In case the State tax commission should make no change in a particular roll, the tax would be spread upon the roll as left by the local board of review. If such changes should be made, however, it would practically nullify their action to hold that the assessor should follow the strict letter of the act, and assess upon the basis of the roll as left by the local board of review. Had the tax law, including the amendments, been passed as a whole in the first instance, we should find no difficulty in saying that the intention was discernible, and that the term "board of review" was used as descriptive of the character of the board, and meant the board of final review in that particular instance, and that the term was intended to apply to the local board or the State board, as the circumstances might require. There is no reason for applying a different rule of construction where the apparent inconsistency arises between the original act and the amendatory sections, for all is to be considered as one act for the purpose of construction, under the well-settled rule.

The answer states, upon information and belief, that the action of the board was irregular and void for non-conformity, in some particulars, to the requirements of the statute. We have several times held that it is not the duty of an officer to omit a statutory duty because of an opinion that the action of his superiors has not conformed to law. He has merely to do his duty as prescribed by law, leaving the regularity of the action of others to be determined by the courts. *Union School Dist.* v. *Parris*, 97 Mich. 593 (56 N. W. 924); *City of Jackson* v. *Jackson*

*County Treasurer*, 117 Mich. 305 (75 N. W. 617); *Laubach* v. *O'Meara*, 107 Mich. 29 (64 N. W. 865); *Scholtz* v. *Smith*, 119 Mich. 634 (78 N. W. 668); *Attorney General* v. *Finney*, McGrath, Mand. Cas. No. 1318.

Having reached the conclusion that the act cannot be given the construction contended for, and that it was designed to give large powers of review to the State board, whose action should be final, and is to be acted upon by the officers whose duty it is to levy the taxes, there remains the single question of the constitutionality of the law. Counsel have reargued the questions which were before us in the case of *Board of State Tax Com'rs* v. *Board of Assessors of Grand Rapids*, 124 Mich. 491 (83 N. W. 209). We are of the opinion that the constitutional questions are covered, and should be considered settled, by that case.

The writ will issue as prayed.

The other Justices concurred.