FRIEDMAN *v.* HORNING.

TITLE TO OFFICE — MEMBER OF BOARD OF SUPERVISORS — SALARY
—POWER OF COUNTY TREASURER.

Where the title to office of a member of the board of super-
visors was questioned, but the board recognized him as a *de
facto* officer, and issued an order upon the county treasurer
for such member's salary, the treasurer, being a ministerial
officer, was without authority to refuse payment on the
ground that the member was not an officer *de jure.*

*Certiorari* to Saginaw; Beach, J.    Submitted October
29, 1901.    Decided November 4, 1901.

*Mandamus* by Kalma Friedman to compel Washburn
Horning, county treasurer, to pay a certain order.    From
an order granting the writ, respondent brings *certiorari.*
Affirmed.

*Henry E. Naegely,* for relator.

*John F. O'Keefe* (*Humphrey & Grant, Chauncey H.
Gage, Eugene Wilber,* and *W. R. Kendrick,* of counsel),
for respondent.

MOORE, J.    This hearing is brought on a writ of
*certiorari* issued out of this court to review the action of
Emmet L. Beach, a circuit judge of Saginaw county, in
issuing a *mandamus* compelling the petitioner here,
Washburn Horning, county treasurer of Saginaw county,
to pay Kalma Friedman, the relator in the circuit court,
the sum of $33.24 for services and mileage while acting as
a member of the board of supervisors at the June session
of said board.    Mr. Friedman was duly appointed a
member of the board of assessment and review of the city
of Saginaw in 1899, and by virtue of that office was a
member of the board of supervisors of Saginaw county,

and legally served as such prior to the last session of the board of supervisors. In June last a law was passed which, if valid, legislated Mr. Friedman out of office. Act No. 485, Local Acts 1901. He, however, served upon the board of supervisors of Saginaw county at this June session for a period of 11 days, claiming that the law which attempted to oust him from office was unconstitutional. The circuit court issued an injunction restraining the person who sought to take his place from interfering with him in his office. For his 11 days' services and mileage the board of supervisors, on the 6th day of July, adopted a pay roll by formal resolution, and this included Friedman's pay of $33.24; and a proper order was made by the board of supervisors, signed by the clerk of the board, and countersigned by the chairman, for the sum of $33.24, and was presented to Washburn Horning, the treasurer, for payment. The treasurer refused to pay the order on the ground that Friedman was not a legal supervisor, and the board of supervisors had no authority to give him compensation. Subsequently Mr. Friedman petitioned the circuit court for relief, and the court directed that a writ of *mandamus* issue against the county treasurer for the payment of the sum. This action is to review the judgment of the lower court in his decision.

Counsel for the respondent earnestly urge the court, in this proceeding, to pass upon the question of the title to the office in dispute, but we decline to do so. As the record discloses the relator was a *de facto* officer, who rendered service upon the board of supervisors, for which service his claim for compensation was allowed by the board of supervisors, and an order was given him upon the county treasurer, we think it was the duty of that officer to pay the order. In reaching this conclusion we are not unmindful of the cases cited by counsel of *Board of Education of Detroit* v. *Common Council of Detroit*, 80 Mich. 548 (45 N. W. 585); *Board of Sup'rs of Cheboygan Co.* v. *Township of Mentor*, 94 Mich. 386 (54 N. W. 169); and *Van Akin* v. *Dunn*, 117 Mich. 421

(75 N. W. 938). In none of those cases was the title to an office in any way involved. In all of them it appeared that the proposed action was illegal and wholly void. The court said that, as the writ of *mandamus* was a discretionary writ, it could not be invoked to accomplish an illegal purpose. In this case it cannot be said the action of the board of supervisors was illegal. The board recognized Mr. Friedman as a *de facto* officer, and allowed his account. It was not for the county treasurer, a ministerial officer, to say he was not a *de jure* officer, and the action of the board of supervisors was illegal. If he could do that in this case, he could say, when an order was presented to him which was issued to pay the bill of a constable, that the constable had not performed the service, and the action of the board of supervisors was illegal in allowing his claim, and therefore he would not pay it. It can easily be seen how unseemly such a result would be. Upon the refusal of the county treasurer to pay this order, the aid of the circuit judge was invoked. In the exercise of his discretion he issued the writ of *mandamus*, directing the county treasurer to pay the order. We cannot say that in doing so he acted improperly. His action is affirmed.

The other Justices concurred.