128 690
f139 248

BROWN *v.* NEHMER.

DRAIN TAXES—DUTY OF SUPERVISOR—MANDAMUS.

On *mandamus* to compel a supervisor to spread a drain tax upon his roll in accordance with the direction of the board of supervisors, the pendency in the Supreme Court of an appeal from a decree dismissing a bill against the drain commissioner to restrain the levy of the tax, and dissolving a preliminary injunction issued thereon, is no ground for denying the writ.

*Certiorari* to Saginaw; Beach, J. Submitted November 19, 1901. Decided December 3, 1901.

*Mandamus* by Alonzo M. Brown, drain commissioner of Saginaw county, to compel Frederick Nehmer, supervisor of the township of Swan Creek, to assess a certain drain tax. From an order denying the writ, relator brings *certiorari.* Reversed.

*James H. Davitt*, for relator.

*F. E. Emerick* and *G. W. Davis,* for respondent.

LONG, J. It appears that the relator, as drain commissioner of Saginaw county, in the years 1899 and 1900 laid out and established a drain through the townships of Fremont, Richland, and Swan Creek, in Saginaw county, the total cost of which was $12,000; the sum of $1,800 being apportioned to the township of Swan Creek at large, and a special assessment of $1,596, less $31, awarded to landowners as damages, or a net special assessment of $1,565, being made upon particular descriptions. It also appears from the certificate of determination attached to the roll that one-half of said special assessment was to be collected in the year 1900 and the remaining half in 1901. The certificate to the special assessment roll bears date September 5, 1900.

The statute (1 Comp. Laws, § 2475) requires the board of supervisors to meet annually on the second Monday of October in each year, which in 1900 was October 8th. During that session the board ordered that there be assessed upon the tax roll of Swan Creek for that year, of these drain taxes, the sum of $2,587.50, composed of the $1,800 tax upon the township at large and $787.50 of the special assessment. The respondent is supervisor of the township of Swan Creek, and failed or refused to so assess the tax. Relator thereupon filed a petition in the circuit court for Saginaw county to compel the respondent to assess this tax. An order to show cause was issued, and respondent filed his answer thereto. The court denied the petition on the sole ground that there was then "pending in the Supreme Court in the case of Helon B. Allen and the township of Swan Creek, complainants, against Alonzo M. Brown, the above-named relator, drain commissioner of Saginaw county, defendant, an appeal from a decree entered in the circuit court for Saginaw county, in chancery, in and by which decree the bill of complaint in said cause was dismissed, with costs; this court being of the opinion that the pendency of said appeal renders it improper to spread upon the tax roll of respondent's township the taxes and assessments so ordered to be spread by the board of supervisors of Saginaw county at its October session in 1900." The case comes into this court by *certiorari*.

It appears that the chancery proceedings involve the validity of the drain proceedings for the assessment of the taxes as above ordered to be spread by the board of supervisors in the township of Swan Creek, and that that case is still pending in this court. It is the contention of the relator (appellant) that the court below was in error in refusing the *mandamus* because of the appeal of this chancery case to this court; that, the court below having refused to issue the injunction to restrain the collection of these taxes, an appeal would not estop the drain commissioner from insisting upon the assessment of the taxes, nor

excuse the supervisor from the performance of his duty. In this, we think, counsel for relator is correct. The appeal does not reinstate the injunction. The supervisor's plain duty under the circumstances is to assess this tax, and it must be so ordered.

The order of the court below must be reversed, with costs.

The other Justices concurred.