CANAL CONSTRUCTION CO. v. SCHLICKUM.

TAXATION — COMPELLING ASSESSMENT — MANDAMUS — LAPSE OF TIME.

Where, pending certiorari to review a mandamus directing a supervisor to spread certain taxes upon his assessment roll for a certain year, the time when the tax could be spread on the roll for that year elapsed, the Supreme Court, on sustaining the legality of the tax, will direct that the assessment be spread on the roll for the ensuing year.

Certiorari to Saginaw; Beach, J. Submitted January 3, 1905. (Calendar No. 20,840.) Decided March 7, 1905.

Mandamus by the Canal Construction Company to compel Charles Schlickum, supervisor of Blumfield township, to spread a certain tax. To review an order granting the writ, respondent brings certiorari. Affirmed.

*James H. Davitt*, for relator.

*William G. Gage* (*G. W. Davis*, of counsel), for respondent.

MOORE, C. J.   This is certiorari for the purpose of reviewing the action of the circuit judge of Saginaw county in granting relator a writ of mandamus directing the respondent, as supervisor of the township of Blumfield, to spread upon the assessment roll of said township drain taxes for the construction of ·Cheboygan creek drain in the sum of $8,500.48.

The record shows that prior to July 20, 1903, the drain commissioners of Saginaw and Bay counties had established a drain known as " Cheboygan Creek Drain," located in the townships of Blumfield and Buena Vista, in Saginaw county, and the township of Portsmouth, in Bay county.   In July, 1903, the contract for constructing the drain was awarded to the relator for $20,600.   The amount apportioned to Blumfield as its part of the cost of the drain was $8,500.48, which amount was properly reported to the board of supervisors, who directed its assessment.   The respondent, who is supervisor of Blumfield, declined to spread these taxes, claiming various reasons, going to the validity of the tax, for refusing to do so.   The relator made a request of Mr. Gibson, the present drain commissioner of Saginaw county, to take steps to compel respondent to assess these taxes; but Mr. Gibson, for reasons which do not appear on the record, but possibly because his predecessor had laid out the drain, declined to commence litigation, whereupon the relator commenced these proceedings.

A hearing was had before the circuit judge, who found that relator had a contract for the construction of said Cheboygan creek drain; that the board of supervisors of Saginaw county by proper resolution directed the respondent to spread said taxes upon the assessment roll of 1903, and that the respondent had refused to do so.   The circuit judge directed the respondent to assess the taxes on the assessment roll of the township of Blumfield for the year 1904.

A number of reasons are urged against the validity of this assessment.   The principles involved have been dis-

cussed at length in several recent cases. Without going into details, we shall content ourselves with saying the case is controlled by *Laubach* v. *O'Meara*, 107 Mich. 29; *Scholtz* v. *Smith*, 119 Mich. 634; *Board of State Tax Com'rs* v. *Quinn*, 125 Mich. 128; *Friedman* v. *Horning*, 128 Mich. 606; *Brown* v. *Nehmer*, 128 Mich. 690.

Inasmuch as the time has gone by when the tax could be spread on the 1904 roll, it is directed that the supervisor of the township spread the assessment on the roll for 1905.

Judgment is affirmed.

CARPENTER, MCALVAY, GRANT, and BLAIR, JJ., concurred.