SHERWOOD v. RYNEARSON.

MANDAMUS—PROPRIETY—DRAIN TAX—UNCOMPLETED DRAIN.
    Mandamus is not a writ of right and is properly denied where relator, by demurrer to respondent's answer, admits that his application for mandamus to compel township officers to lay a drain assessment before the board of supervisors is founded on a drain order issued to him as payment of the full contract price for a drain, that the drain is not completed, and is of no benefit to the township.

Certiorari to Berrien; Coolidge, J. Submitted June 20, 1905. (Calendar No. 21,018.) Decided July 21, 1905.

Mandamus by Jerry Sherwood to compel Isaiah Rynearson, township clerk, and George L. Stevens, supervisor, of the township of Three Oaks, to lay an assessment roll before the board of supervisors. There was an order denying the writ, and relator brings certiorari. Affirmed.

*Gore & Harvey*, for relator.

*Lawrence C. Fyfe*, for respondents.

MOORE, C. J.  The relator filed his petition in the circuit court praying that a writ of mandamus issue commanding the respondents, who are respectively the clerk and supervisor of the township of Three Oaks, to take the statutory steps to lay the Close Drain special assessment roll before the board of supervisors. The respondents answered. The petitioner demurred to the respondents' answer. The court overruled the demurrer. The relator brings the proceedings to this court by certiorari.

He claims that proceedings were taken by the county drain commissioner of Berrien county for the purpose of cleaning out, widening, deepening, extending, and rebuilding the " Close Drain," so called, affecting the townships of Three Oaks, Galien, and Weesaw, in said county; that the usual proceedings were taken, and the drain completed; that as the work progressed orders were drawn in anticipation of the taxes to be levied and collected on account of such drain; that among these orders was an order in favor of Jerry Sherwood, the relator, for $1,950. He further claims the townships of Galien and Weesaw paid the taxes levied upon them; that the taxes levied upon the township of Three Oaks, and the various descriptions of land located in said township, were not paid because the clerk refused to certify the special assessment roll to the supervisor of the township. The relator demanded of the clerk that he certify said assessment roll as directed by the statute, and requested the supervisor, when such tax should be certified to him, to lay the same before the board

of supervisors.    This each of said respondents refused to do until the drain had been constructed.

It is claimed by relator that the question of law at issue is whether the clerk of a township, when the drain commissioner files an assessment roll with him, can go back of such filing and the matters appearing thereon, and determine for himself, judicially or otherwise, whether the drain proceedings are regular; and if, in his judgment, the proceedings are deemed to be irregular, whether he can refuse to certify the said assessment roll to the supervisor, as commanded by section 4356 of the Compiled Laws of Michigan of 1897, or whether such action is purely ministerial, and the clerk bound to act in any event.    Counsel for relator insist that:

"The duty of the clerk to certify to the supervisor, and of the supervisor to lay the matter before the board, is statutory.    No discretion is lodged in either.    Neither of these officers have the power nor the right to pass upon the regularity of drain proceedings.    They must simply perform the duty imposed upon them by the statute"— citing *Union School Dist.* v. *Parris,* 97 Mich. 593, 596; *Laubach* v. *O'Meara,* 107 Mich. 29; *City of Jackson* v. *Jackson County Treasurer,* 117 Mich. 305; *Scholtz* v. *Smith,* 119 Mich. 634; *Board of State Tax Com'rs* v. *Quinn,* 125 Mich. 128; *Smith* v. *Titcomb,* 31 Me. 286; *People* v. *Halsey,* 37 N. Y. 344.

On the part of the respondent it is claimed in its answer that the order in question, with the others previously issued, makes the full contract price for the construction of the drain, and that the drain is not completed.    Counsel's position is stated in the brief as follows:

"This is an effort to secure a mandamus to compel the levying of a tax to pay a drain order which the relator admits by his demurrer was never earned, and for a drain which he also admits is not completed, and which, in its incomplete state, does the township of Three Oaks absolutely no good;   *   *   *   that the relator does not come into court with clean hands; that he is seeking to take advantage of his deliberate wrong and willful misconduct, in that he has left the drain unfinished to such an extent

that the township of Three Oaks does not reap any benefit from it."

Counsel for respondent say that the writ of mandamus is a discretionary one, and that the court, using its discretion, will not grant a mandamus when it aids a relator who is not entitled to the money represented by the order which he seeks to have paid; citing *People* v. *Regents of the University of Michigan*, 4 Mich. 105; *Pack* v. *Supervisors of Presque Isle Co.*, 36 Mich. 380; *Sherburne* v. *Horn*, 45 Mich. 160; *Post* v. *Township Board of Sparta*, 63 Mich. 325; *Common Council of Cedar Springs* v. *Schlich*, 81 Mich. 405 (8 L. R. A. 851); *Tennant* v. *Crocker*, 85 Mich. 339; *Nugent* v. *Erb*, 90 Mich. 279; *Board of Sup'rs of Cheboygan Co.* v. *Township of Mentor*, 94 Mich. 388; *Van Akin* v. *Dunn*, 117 Mich. 421.

We think this case falls within the cases cited by the respondent. The answer, for the purposes of this case, must be taken as true. If true, it shows relator has not been harmed. It presents such a situation as to justify the refusal of the trial court in the exercise of his discretion to issue the writ.

The order of the court below is affirmed.

CARPENTER, McALVAY, GRANT, and BLAIR, JJ., concurred.