GRAND RAPIDS & INDIANA RAILWAY CO *v.* AUDITOR GENERAL.[1]

144    77
150    205

TAXATION—TAX SALE—CANCELLATION—EXEMPT PROPERTY—MAN-DAMUS.

> Mandamus, being a discretionary writ, issued only in further-ance of justice, will not issue to compel the auditor general to cancel a sale of the lands of a railroad company for the reason that they were not locally taxable, where it appears from the record that a part of the lands were not used for railroad purposes and were therefore not exempt under the statutes (§§ 3830, 6277, Comp. Laws), and the company has not paid, or offered to pay, any portion of the tax.

Mandamus by the Grand Rapids & Indiana Railway Company to compel James B. Bradley, auditor general, to cancel the sale of certain land delinquent for taxes. Submitted December 5, 1905. (Calendar No. 21,231.) Resubmitted January 20, 1906. Writ denied May 24, 1906.

*O'Brien, Campbell & Wykes,* for relator.

*McFarlan & Wilson,* for respondent.

HOOKER, J. Under the laws of this State in force at the time of the assessment of the taxes complained of in this proceeding, railroads were taxed specifically upon their gross earnings, and relieved from other taxes, except as follows:

"The taxes so paid shall be in lieu of all other taxes upon the properties of such companies, except such real estate as is owned and can be conveyed by such corpora-tions under the laws of this State, and not actually occu-pied in the exercise of its franchises, and not necessary or in use in the proper operation of its road, but such real estate so excepted shall be liable to taxation in the same

---

[1] Rehearing denied June 4, 1906.

manner and for the same purposes, and to the same extent, and subject to the same conditions and limitations as to the collection and return of taxes thereon, as is other real estate in the several townships or municipalities within which the same may be situated." Section 6277, 2 Comp. Laws.

'And again:

" The real property of corporations exempt under the laws of this State, by reason of paying specific taxes in lieu of all other taxes for the support of the State: *Provided*, The track, right of way, depot grounds and buildings, machine shops, rolling stock, and all other property necessarily used in operating any railroad in this State belonging to any railroad company, shall henceforth remain exempt from taxation for any purpose, except that the same shall be subject to special assessments for local improvements in cities and villages, and all lands owned or claimed by any such railroad company not adjoining the track of such 'company, shall be subject to all taxes." 1 Comp. Laws, § 3830, subd. 8.

The relator purchased its railroad, together with the lots over which this controversy has arisen, and it claims that they have been at all times since its purchase used by it in connection with its business of railroading. The land was assessed upon the theory that it was not entitled to be included in relator's property properly subject to a specific tax. It was assessed as lots 1, 4, and 5, block 5, etc., and, after the usual proceedings, it was sold, under decrees entered by the circuit court in the delinquent tax cases, instituted by the auditor general. Being bid in for the State, the property was subsequently sold and deeded to the Flint Land Company, according to statute. That company caused the service of the statutory notice of its purchase, and, though the period of six months fixed by law has expired, the time within which the relator might repurchase under the statute has been extended to a time subsequent to the final determination of this cause. The occupancy of the land is somewhat similar to that shown in the case of *Grand Rapids, etc., R. Co.* v. *City of Grand Rapids*, 137 Mich. 587, and it is

claimed, on behalf of respondent, that, under the proofs, all was properly taxed in accordance with the rule in that case, while relator insists that this record clearly shows (which it is said that the former case does not) that none of the land was in the exclusive possession of others, and that all is shown to have been occupied by the relator "*in the exercise of its franchises*" and contributing to its earnings, which were taxed specifically. We are able to say from the record in the proceeding that a portion of the lands was not exempt from taxation, and no portion of the tax levied thereon has been paid. In *Grand Rapids, etc., R. Co.* v. *City of Grand Rapids*, supra, it was held that "where a portion of the tax is just, the owner is not entitled to relief in equity by a stay of collection of the tax unless he pays or offers to pay the part equitably due."

We are of the opinion that the record before us shows that relator has not paid or offered to pay any portion of the tax, and, therefore, that he is not entitled to a cancellation of said tax, a part of which, at all events, was a just obligation. In the chancery cause hereinbefore mentioned, it was held that equity would not relieve the complainant under similar circumstances. *Grand Rapids, etc., R. Co.* v. *City of Grand Rapids*, supra.

Mandamus is a discretionary writ, and it will be issued only in furtherance of justice. *Tennant* v. *Crocker*, 85 Mich. 328; *MacKinnon* v. *Auditor General*, 130 Mich. 556; *O'Brien* v. *Wayne Circuit Judge*, 131 Mich. 67; *Van Akin* v. *Dunn*, 117 Mich. 421.

The writ is denied.

CARPENTER, C. J., and MCALVAY, GRANT, BLAIR, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.