COMMON COUNCIL OF HUDSON v. CHARLES C. WHITNEY,
RECORDER.

*Mandamus to advertise and sell land for taxes.*

1. Mandamus will lie to compel the recorder of a village to fulfill the
   duty, imposed upon him by the charter, of advertising and selling
   lands returned for delinquent paving taxes ; and he cannot refuse to
   do so on the ground that he believes the action of the council in lay-
   ing the particular tax to be illegal, especially if the proceedings are
   sufficiently fair on their face to protect ministerial action, and the
   work has been done and the tax in a great measure paid in.

2. Certiorari does not lie to review the validity of a village paving tax.

Mandamus.    Submitted Feb. 7.    Granted March 6.

*Sawyer & Lane* for relator.

*Millard, Weaver & Weaver* for respondent.

SHERWOOD, J.  The respondent is recorder of the village
of Hudson.  The petition is for a mandamus to compel him,
as such officer, to advertise and sell certain lands in said vil-
lage for delinquent taxes for the year 1882.  By section 45
of the charter of the village of Hudson it is made the duty
of the recorder of the village to advertise and make sale of
land of delinquents for such taxes under the direction of the
common council.

The petition in this case is based upon two affidavits made
by the president and marshal of said village.  From these it
appears that on the fifth day of April, 1882, the common
council of Hudson passed a resolution ordering the paving of
West Main street, in said village; that the same was regularly
passed by said council in pursuance of the ordinances of said
village.  It further appears that in May, 1882, contracts for
the material and labor, in paving said street, were duly made
and that such pavement was completed under said contracts
thus made; that the expense thereof was assessed as a special
tax upon the real estate abutting on said street, in proportion

to the frontage; and that said taxes with other taxes, to the amount of three thousand dollars, were duly spread upon the assessment roll for the year 1882, under a resolution of the council passed at a meeting held July 13th of that year; that the assessment roll, with the proper warrant thereto attached, was placed in the hands of the marshal of said village for the collection of the taxes. The marshal made return of his warrant, with the tax-roll annexed, to the recorder of said village, on the sixteenth day of April, 1883, from which it appears that quite a considerable amount of the taxes were not collected, and were returned delinquent. On the twenty-third of April, 1883, the common council passed a resolution directing the recorder to proceed to advertise and sell the lands of these delinquents; and the recorder refuses to obey the order of the council, or to proceed in the matter, as required by the statute; and seeks to justify his refusal upon the following grounds, as stated in the language of his return: because, "being advised and believing that the said proceedings of the said common council in ordering the construction of said pavement, and assessing and levying such taxes to pay the expense thereof, and in ordering a sale of the lands for the collection thereof, as aforesaid, are irregular, not in accordance with the charter of said village and the ordinances, and are illegal and void;" and then follows, with twenty reasons, why he came to this conclusion.

It appears from the record that the pavement ordered was placed under contracts, and has been made and completed. There is no complaint that the tax therefor was unreasonable in amount; and it appears that a large portion of the same was paid before the marshal made his return, and that some has been paid since. There is no evidence that the delinquent tax-payers have ever taken any legal steps to enjoin the collection of or to test the validity of the tax assessed. In fact, there is no showing here that they even approve of the action taken by the recorder in this case. The respondent makes no claim that the village had not the power, under its charter, to authorize the work done and levy the tax therefor, which he is directed to collect. Nor does he question

the general power of the council to make such direction, nor that there is any informality or illegality in the statement or return itself made by the marshal, and which constitutes the basis of the action required of him by the village council. The action required is strictly ministerial in its character, and if a proper showing has been made by the council, it becomes the duty of this Court to grant the writ prayed for.

The recorder, in proceeding under the direction of the council, had no reason to fear personal liability. The proceedings were sufficiently regular and fair on their face to protect ministerial action.

The sale to be made was of real and not personal estate, and had he advertised as directed he could not know that a sale would become necessary. Some had paid their tax voluntarily after the marshal's return ; the rest might make payment before the day of sale. The statute makes it the duty of the recorder to collect, and, if necessary, make sale of the delinquent's property for that purpose; and not to defeat such collection and make defense for him in a court of law.

We do not think the recorder justified, whether so advised or not, in setting at defiance the action of the common council by refusing to obey their official direction in a matter of this kind. The council are not supposed to act unadvisedly. If he may do so in this case by raising questions of legality, he may in any other. His business is to proceed as ordered, and let individual tax-payers make their own objections and contests. When they do that the court may require them to pay what is just, if anything. Possibly they may make no objections.

The issuing of the writ in this case will deprive no one of any right and take away no defense. It will put the village in a position to collect the tax if it can.

We have decided heretofore that certiorari is not a proper remedy in this class of cases ; and all the objections to allowing tax proceedings to be reviewed on certiorari are applicable here, and we therefore decline to consider the regularity

of the tax proceedings on this motion. See *Whitbeck v. Hudson* 50 Mich. 86; *Tucker v. Parker, Drain Commissioner of Chesterfield* 50 Mich. 5.

The writ must be allowed, with costs to petitioner.

The other Justices concurred.