## HENRY C. McFARLAN v. THE TOWNSHIP OF CEDAR CREEK.

*Taxes—Highways—Township charge—Payment under protest.*

1. A special highway tax cannot be levied upon the property of a
   township to pay the indebtedness of road districts therein.
2. A township board cannot, by the retirement of orders drawn on
   the highway fund of a road district, and the issuance in their
   stead of a township order, make the indebtedness a charge
   against the township; citing *Lumber Co. v. Township of Spring-
   field*, 92 Mich. 277.
3. A protest against the payment of a special township highway
   tax because the tax is levied against all of the property of the
   township indiscriminately, to pay highway orders payable out

of the highway moneys of certain road districts, instead of being levied against the property of each road district on which the orders are drawn, and out of the funds of which they are payable, is sufficient.

Error to Wexford.    (Aldrich, J.)    Submitted on briefs October 27, 1892.    Decided December 2, 1892.

*Assumpsit.*    Defendant brings error.    Affirmed.    The facts are stated in the opinion.

*I. C. Wheeler* and *M. Brown,* for appellant, contended:

1. The protest provided for by section 41 of the tax law of 1889 (3 How. Stat. § 1170e) must set forth the reason why the tax is claimed to be invalid; citing *Iron Co. v. Tp. of Crystal Falls,* 60 Mich. 79; *Cox v. Welcher,* 68 Id. 263; and there can be no recovery where the evidence fails to sustain the reason given; citing *White v. Tp. of Millbrook,* 60 Mich. 532.

*Pratt & Davis,* for plaintiff, contended for the doctrine of the opinion.

McGRATH, C. J.    This is an action to recover taxes claimed to have been illegally assessed and paid under threat of levy and protest.    The trial court found, among other things, as follows:

"1. That prior to the 1st day of April, 1889, the commissioner of highways in said township had drawn a large number of highway orders, payable out of the highway funds belonging to the different highway districts of said township numbered in said orders; that said orders had been drawn from time to time to pay for work and labor performed on the roads of said several districts, or for plank or material employed in building or repairing said roads in said road districts, from the year 1882 to 1888, inclusive, and amounting in all to twelve or fifteen hundred dollars.

"2. That at the township election held in said township in April, 1889, the following resolution was adopted, to wit:

"'On motion of P. W. Hinman, which was seconded by Ed. Moffit, the following resolution was adopted, viz.:  That the town-

ship board and commissioner of highways shall not lay out, open, or take up or repair, any highways for one year, unless some highway shall become dangerous to the traveling public, and not then if it can be repaired with district work (and amended here by adding), unless considered absolutely necessary by township board; and that we raise one-half of one per cent. on assessed valuation for special highway tax to pay highway indebtedness, as far as it will go. Carried. Amended by.Warren Seaman, and amendment carried; also motion as amended.'

"3. That there was no highway indebtedness of said township at that time, and that the indebtedness referred to in said resolution, and which said tax was voted to pay, was the indebtedness owing by the various road districts in said township, as evidenced by said highway orders drawn by the commissioner of highways on the highway tax belonging to each of the several road districts in said township.

"4. That said resolution was certified by the township clerk to the board of supervisors, and the board of supervisors, at their annual session in October, 1889, voted to authorize the supervisor of the defendant township to levy a special highway tax of $1,114.43, and that the said supervisor of said township did proceed to levy the same on all the taxable property of said township.

"5. That all of said highway orders were drawn upon the road districts outside of the road district in which said plaintiff resided, and in which he owned property, upon which said tax was assessed; that road district number four in said township, in which the plaintiff owned property of the assessed value of $———, was in arrears at the time of the assessment of said tax to the amount of $141.48.

"6. That on the 20th day of February, 1890, Frank Rose, the township treasurer of said township, was proceeding to collect the tax assessed on the assessment roll of said township, and called upon said plaintiff and demanded of him the payment of said special highway tax, and then and there threatened to levy the same on the stock of merchandise in the store of and belonging to said plaintiff; that said plaintiff, in order to prevent said levy, under compulsion, paid said special highway tax, amounting, with fees of said treasurer, to the sum of $29.36, under protest, which was in writing."

The finding concludes as follows:

"From the facts found as above, I find as a conclusion

of law that said levy of said special highway tax was illegal and void, and that the payment of the same was involuntary, and its collection by said Frank Rose, township treasurer for said township, was an illegal exaction, and that said plaintiff is entitled to a judgment against said defendant for the amount of said tax and fees, amounting to the sum of $29.36, and interest at six per cent. since the 20th day of February, 1890, to date, $31.56, together with costs."

It is insisted that the only reason the plaintiff was permitted to recover was because the court found that there was no highway indebtedness of the township at the time the tax was voted. The tax was alleged to be invalid because it was voted to liquidate a district, and not a township, debt. If the resolution upon which the vote was had had expressly said that the tax was to pay a district debt, the tax would be invalid, and it is no less invalid because the resolution alleges that its purpose is to pay "highway indebtedness," when in fact no township indebtedness of that character existed. The court has found that the purpose of the tax was to pay a district, and not a township, debt. That there was no highway indebtedness of the township was a finding in connection with the further finding set forth in the same paragraph.

It is next claimed that the facts do not support the finding that no highway indebtedness of said township existed when the tax was voted. The township clerk reported to the board, at the annual meeting held in 1889, accounts with the several districts, 11 in all, from which it appeared that there* was due to districts numbered 3, 5, 6, 8, 9, and 10 the sum of $462, and that there was due from districts numbered 1, 2, 4, 7, and 11 the sum of $799. It was claimed that the indebtedness to the first-named districts was a highway indebtedness of the township. It further appeared, and the trial judge so found, that there was an outstanding township order held by one

93 MICH.—36.

White, amounting to about $372, which had been issued by the township board to take up orders issued ·by the commissioner, which were drawn upon and chargeable to road districts numbered 2, 3, 4, 5, and 6. It is not claimed that these orders, so retired, were not proper charges against the district funds upon which they were drawn, nor does it appear that the amounts.thereof were charged up to the districts upon which they had been drawn, or that the substitution of the township order was for the purpose of an adjustment of balances between the township and such districts. It is insisted that this order was a township indebtedness. It is further claimed that, of the amount which appeared to be charged to district No. 1, the sum of $100 was a proper township charge, and that this sum should be added to the indebtedness of the township, notwithstanding it had already been paid by the township, and was not an outstanding liability.

How. Stat. § 1325, provides that highways shall be maintained by the labor of the inhabitants residing in, and by assessments upon the property situated within, the several townships, and for the more convenient expenditure of such labor and making of such assessments the township may be divided into road districts. Section 1326 provides that the commissioner of highways shall render to the township board, at the annual meeting thereof in each year, an estimate in writing of the amount of highway labor which, in his judgment, should be assessed for the next ensuing year, and of the improvements necessary to be made, and the amount of money tax that should be levied for that purpose, beyond what such estimated highway labor will accomplish. Section 1327 provides that at the next annual township meeting the electors may determine the amount of highway labor and the amount of money tax to be assessed. Section 1448 provides that when any order for the payment of money, lawfully drawn by

the highway commissioner upon the treasurer, shall have been presented to such treasurer, and, by reason of lack of funds, payment shall not be made within six months from such presentation, such treasurer shall, at the request of the holder, make and deliver to such holder a statement in writing of such fact; that such holder may present such statement, with such order, to the township clerk; that such clerk shall make a minute of the number, date, and amount of such order.    Section 1449 provides that the clerk shall include in his annual statement to the supervisor the amounts of all such orders, and, if such orders were drawn upon any fund to be raised by any road district, or any other particular portion of such township, such fact shall be certified by such clerk, and the same shall be assessed upon the proper township, locality, or road district, and collected as other taxes.

The statute evidently contemplates that each district shall bear its own burdens.    It points out distinctly in what manner moneys shall be raised to pay outstanding orders, whether chargeable to the township generally, or to particular portions of the township, or to road districts. Its design is that these orders, if chargeable to certain road districts, shall be paid out of moneys collected from such districts.    It would seem here that moneys collected from certain road districts had been expended in others.    The proper course would seem to be an adjustment of those matters, not by a general tax upon the township, but by an assessment upon those districts from which balances are due.    Nor is it within the power of the township board to make that a township charge, which the statute designs should be a district charge, by the retirement of orders drawn upon district funds, and the issue in their stead of township orders.    *Manistee Lumber Co.* v. *Township of Springfield,* 92 Mich. 277.    The resolution submitted to the electors does not in terms refer to a township highway

indebtedness, and the records do not disclose such an indebtedness to have existed at that time.

There is no force in the objection that the reasons set forth in the protest are insufficient. The ground upon which the court found the tax to be invalid is set forth in the protest as follows:

"Because said tax is levied against all the property of the township indiscriminately, to pay highway orders payable out of the highway moneys of certain road districts, instead of being levied against the property of each road district on which said orders are drawn, and out of the funds of which they are made payable."

The judgment is therefore affirmed.

The other Justices concurred.