DEYOUNG v. STATE LAND OFFICE BOARD.

1. TAXATION—STATE LAND OFFICE BOARD—LAND CONTRACTS—NOTICE OF FORFEITURE—SIGNATURES.

Since the purpose of a notice of forfeiture of a contract for sale of land to which the State had acquired title by virtue of tax sales, executed by the State land office board, is to inform the vendee of his delinquency and permit him to remedy it, it is of no consequence to him whether it comes to him over the signature of a clerk of the board or that of the chairman and another member of the board hence, where statute does not indicate the manner in which such notices shall be executed a notice, signed by a clerk of the board, was not invalid (Act No. 155, § 8a, Pub. Acts 1937, as added by Act No. 363, Pub. Acts 1941).

2. MANDAMUS—NATURE OF WRIT.

A writ of mandamus is a writ of grace and not a writ of right.

3. SAME—STATE LAND OFFICE BOARD—LAND CONTRACT—NOTICE OF FORFEITURE—TENDER OF ARREARAGE—MANDAMUS.

Purchaser who tendered full amount of arrearage under land contract to State land office board after lapse of 30 days from date notice of forfeiture had been served on him was not entitled to writ of mandamus to compel board to accept such arrearage where statute provided that forfeiture of contract would become effective 30 days after service of such notice (Act No. 155, § 8a, Pub. Acts 1937, as added by Act No. 363, Pub. Acts 1941).

4. SAME—QUESTIONS REVIEWABLE—ARREARAGE UNDER LAND CONTRACT—FORFEITURE—FORECLOSURE.

Whether or not State land office board should be required to foreclose contract for sale of land to which State had acquired title by virtue of tax sales is not before Supreme Court in mandamus

(61)

proceeding to compel the board to accept arrearage under the
land contract (Act No. 155, § 8a, Pub. Acts 1937, as added by
Act No. 363, Pub. Acts 1941).

Mandamus by Wilbur DeYoung against the State
Land Office Board to compel the acceptance of pay-
ments under land contract. Submitted June 25,
1946. (Calendar No. 43,371.) Writ denied Octo-
ber 9, 1946.

*Meyer Weisenfeld,* for plaintiff.

*John R. Dethmers,* Attorney General, *Edmund E.
Shepherd,* Solicitor General and *Elbern Parsons* and
*Ernest O. Zirkalos,* Assistants Attorney General, for
defendant.

BUSHNELL, J.   Plaintiff Wilbur DeYoung seeks a
writ of mandamus in this court to require defendant
State land office board to forthwith accept payments
due under a land contract in which he is the vendee's
assignee and defendant is the vendor. This con-
tract, which is dated January 21, 1941, was assigned
to DeYoung on November 17, 1941. According to
the admissions in DeYoung's petition, ''notices of
intention to forfeit'' on 5 or 6 different occasions
were served upon him. In each instance he re-
deemed the arrearages.

On April 27, 1945, a ''notice of intention to for-
feit'' was sent him by registered mail, he being at
the time three months in arrears in the sum of $27.
On May 17, 1945, he was served with a ''notice of
forfeiture,'' also by registered mail. Thirty-one
days after such service of notice of forfeiture the
plaintiff appeared at the Detroit office of the de-
fendant and tendered the full amount of the ar-
rearage including such sum as was necessary to
bring the contract up to date. Defendant refused to

accept the tender, stating "that in view of the fact that 30 days had elapsed since service of notice of forfeiture they were unable to accept same." The amount of the original contract was $880, and there have been paid sums totaling in excess of 50 per cent. thereon.

The "notice of intention to forfeit" and the "notice of forfeiture" were signed by "one Mr. Macklin, underneath which signature appeared the initials L. B."

Defendant has replied to an order to show cause by filing an answer and return, in which it avers that the method it pursued to forfeit the land contract conforms to statutory requirements. (See Act No. 155, Pub. Acts 1937, as amended * [see Comp. Laws Supp. 1940, 1943, § 3723–1 et seq., Stat. Ann. 1944 Cum. Supp. § 7.951 et seq.]). Defendant admits "it previously refused payments heretofore tendered after the expiration of the time limited as the effective date of the forfeiture in Act No. 155, § 8a, Pub. Acts 1937, as added by Act No. 363, Pub. Acts 1941, and it admits that the defendant will continue to refuse to accept the said payments and will place said land for sale, as is provided by the said Act No. 155, Pub. Acts 1937, as amended, unless ordered not so to do by this Court."

In his petition for mandamus, DeYoung sought only a writ directing defendant, "forthwith to accept all payments due under the said land contract as heretofore tendered to defendants and as herein tendered."

Plaintiff argues that the statute requires the "notice of forfeiture" to be signed by the chairman and one other member of the State land office board, and he denies that the board can delegate such

---

* Then amended by Acts Nos. 9, 16, 159, 194, 196, Pub. Acts 1943.
—Reporter.

authority to a clerk and, therefore, contends that the notice is invalid. In addition, he asks this Court to determine that the State land office board is required to institute proceedings of foreclosure before a circuit court commissioner in all such cases.

The State land office board act (Act No. 155, Pub. Acts 1937, as amended [Comp. Laws Supp. 1940, 1943, § 3723–1 *et seq.*, Stat. Ann. 1944 Cum. Supp. §§ 7.951–7.964]), created a board consisting of three members. This board has control and jurisdiction over State owned lands, title to which has been vested in the State by virtue of tax sales. The act provides in section 9 * that the board shall be a body corporate, may sue and be sued, and shall adopt a seal of which all the courts of this State shall take judicial notice. In the third paragraph of section 9 appears the following language:

"The board is authorized, for and on behalf of the State of Michigan, to execute, with the seal of the board attached, such quitclaim deeds, land contracts, leases or other contracts, documents or papers as may be necessary to carry out the provisions of this act."

Section 1 † of the act reads in part:
"Two members shall constitute a quorum, and the signatures of the chairman and one other member of the board on any papers signed by the board shall be sufficient."

The provisions of the act with respect to forfeiture are stated in section 8a and read as follows:

"Default having been made by a vendee in the terms of any land contract executed under this

---

* Amended by Act No. 363, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 3723–9, Stat. Ann. 1946 Cum. Supp. § 7.959).—Reporter.

† Amended by Act No. 9, Pub. Acts 1943 (Comp. Laws Supp. 1943, § 3723–1, Stat. Ann. 1944 Cum. Supp. § 7.951).—Reporter.

act for the sale of lands, the forfeiture of the rights of such vendee thereunder shall become effective 30 days after either service, upon said vendee, of a notice thereof or after mailing of notice thereof to said vendee by registered mail, return receipt requested, addressed to the last address of such vendee as shown by the records of the board or department having jurisdiction of the matter. Possession of such lands shall be obtained forthwith in the method provided by law for the recovery of possession of lands held contrary to the conditions or covenants of an executory contract for the purchase thereof. Such lands following the forfeiture of such contract shall be disposed of in the manner provided in section 6 or 8 of this act as the case may be.'' (Added by Act No. 363, Pub. Acts 1941 [Comp. Laws Supp. 1945, § 3723-8a, Stat. Ann. 1946 Cum. Supp. § 7.958 (1)]).

Section 8a does not indicate the manner in which the forfeiture notices are to be executed. Had the legislature intended such notices to be executed by the board it presumably would have so directed. It seems unreasonable to require the board to convene or have its members personally sign notices of forfeiture. When we consider the amount of business the board is required to transact it would only seem reasonable that it should be permitted to delegate such routine matters to its employees. After all, the purpose of a notice of forfeiture is to inform a vendee of his delinquency and permit him to remedy it. It is of no consequence whether such information comes to him over the signature of a clerk of the board or that of the chairman and another member of the board.

Plaintiff does not deny his default but seeks to escape responsibility therefor. The allegations in the petition indicate that he had on previous occasions extended his time of payment by taking ad-

vantage of periods of default, but in this instance he overstepped the time limit. We see no reason why the board should be required to excuse his repeated neglect. A writ of mandamus is a writ of grace and not a writ of right. Plaintiff has not indicated any circumstances which require this Court to issue the writ.

The question of whether or not the State land office board should be required to foreclose after forfeiture is not involved in the matter before us. The writ is denied, with costs to defendant.

BUTZEL, C. J., and CARR, SHARPE, BOYLES, REID, and NORTH, JJ., concurred. STARR, J., took no part in the decision of this case.