CITY OF BERKLEY *v.* TOWNSHIP OF ROYAL OAK.

APPEAL OF HUNTINGTON WOODS.

1. MUNICIPAL   CORPORATIONS—TOWNSHIPS—REIMBURSEMENTS   TO GENERAL FUND.

Where plaintiff cities were incorporated from township territory, not within township road-repair or fire-protection districts, after moneys were taken from township general fund to pay obligations of such special districts, such cities would be entitled to their proportionate share of such township general fund moneys in case of reimbursement (1 Comp. Laws 1929, § 2250, as amended by Act No. 233, Pub. Acts 1931).

2. SAME—TAXATION—STATUTES.

Local units of government derive their powers of taxation from the legislature and such power cannot be exercised except in pursuance of express statutory authority.

3. SAME—REASSESSMENT IN ROAD-REPAIR AND FIRE-PROTECTION DISTRICTS—STATUTES.

Reassessment may not be made in road-repair and fire-protection districts of townships to reimburse township general fund for sums assessed but not collected in such special districts, not having been provided for by statute.

4. MANDAMUS—NATURE OF REMEDY.

Mandamus is a discretionary remedy and the writ one of grace and not of right to be issued only in the case of a clear legal right on the part of plaintiff and a clear legal duty to be performed by defendant.

5. COSTS—PUBLIC QUESTION—MANDAMUS—REASSESSMENT.

No costs are allowed in mandamus proceeding by cities to compel reassessment in road-repair and fire-protection districts for sums assessed but not collected, a public question being involved.

Appeal from Oakland; Holland (H. Russel), J. Submitted January 6, 1948.   (Calendar 43,903.) Decided April 5, 1948.

Petition by City of Berkley for writ of mandamus to compel the Township of Royal Oak and Cities of Royal Oak, Ferndale, Clawson, and Hazel Park to reassess road-repair and fire-protection districts. Cross petition by City of Huntington Woods, interpleaded defendant, against defendants for writ of mandamus to compel reassessment. Judgment for defendants. Cross-plaintiff appeals. Affirmed.

*Arthur E. Moore,* for cross-plaintiff.

*Glenn C. Gillespie* and *Franklin E. Morris,* for Township of Royal Oak.

DETHMERS, J. The cities of Berkley and Huntington Woods, hereinafter called plaintiffs, were incorporated on April 18, 1932, and June 22, 1932, respectively, out of territory located in Royal Oak township, Oakland county, Michigan. Prior thereto the township had been divided into four road districts and, also, into a special assessment fire-protection district. These districts did not include any territory within the plaintiff cities, which then were villages. Taxes were levied in the road districts for road repairs and a special assessment was levied in the fire-protection district for fire protection. While the assessments were adequate, nevertheless, because of delinquencies and defaults, collections were not, with the result that at the time of incorporation of plaintiff cities there had been advanced from the township general fund the sum of $88,132.41 for road repairs in the road districts and $8,387.57 for fire protection in the fire-protection district. For none of this was the township general fund ever reimbursed by said districts, the said assessments in that amount continuing uncollected. Were the general fund to be reimbursed from collection thereof in the districts, the plaintiff cities would be entitled to their proportionate share

therein because of their incorporation out of the township. 1 Comp. Laws 1929, § 2250, as amended by Act No. 233, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 2250, Stat. Ann. § 5.2093).   *Township of Royal Oak* v. *City of Berkley,* 309 Mich. 572; *Township of Royal Oak* v. *City of Huntington Woods,* 313 Mich. 137.

In 1941 the city of Hazel Park was incorporated out of territory in Royal Oak township included in said fire-protection district and in one of said road districts. The cities of Ferndale and Royal Oak in 1940 and 1942, respectively, annexed portions of the township territory included in said road and fire-protection districts.

Plaintiff city of Berkley, and the city of Huntington Woods as cross-plaintiff, petitioned the circuit court of Oakland county for a writ of mandamus to compel the defendants, township of Royal Oak and cities of Royal Oak, Ferndale and Hazel Park, to re-assess the said districts for the amounts due from them to the township general fund and to pay over to plaintiff cities their proportionate share thereof when collected. From an order dismissing the petitions, plaintiff city of Huntington Woods appeals.

The question raised on appeal is whether reassessments may be made in the road districts and in the fire-protection district to repay the overdrafts to the township general fund. Plaintiff states that this action is brought in view of statements pertaining to these overdrafts appearing in our opinion in *Township of Royal Oak* v. *City of Berkley, supra,* including the following:

"It is conceded that the city is entitled to insist on such reassessment, and we concur with the holding of the lower court that the city is entitled to its pro rata share of the money when and as collected."

However, in that case we also said:

"The question of the duty to reassess is not an issue in this case."

Plaintiff refers to and quotes in part from the following contained in *McFarlan* v. *Township of Cedar Creek*, 93 Mich. 558:

"The statute evidently contemplates that each district shall bear its own burdens. It points out distinctly in what manner moneys shall be raised to pay outstanding orders, whether chargeable to the township generally, or to particular portions of the township, or to road districts. Its design is that these orders, if chargeable to certain road districts, shall be paid out of moneys collected from such districts. It would seem here that moneys collected from certain road districts had been expended in others. The proper course would seem to be an adjustment of those matters, not by a general tax upon the township, but by an assessment upon those districts from which balances are due. Nor is it within the power of the township board to make that a township charge, which the statute designs should be a district charge, by the retirement of orders drawn upon district funds, and the issue in their stead of township orders."

The *McFarlan Case* holds that a special highway tax may not be levied on the property in the entire township to pay highway orders drawn on a highway fund of a particular road district within the township, but such assessment should be levied on the property in the road district. The case is not authority for the proposition that once the assessment is so made in the district a reassessment thereof may be made to the extent of the uncollected portion of the original assessment. The holding that road district debts are to be paid by the district and not by the township is expressly predicated on provisions of the statute then in effect, Act No. 71, Pub. Acts 1881 (2 Comp. Laws 1897, §§ 4210, 4211, How. §§ 1448, 1449), which provided in part that the amount of unpaid highway orders drawn against a road district should be assessed against such district.

That statute was repealed by Act No. 240, Pub. Acts 1915 (1 Comp. Laws 1929, §.120 [Stat. Ann. § 2.321]) and the sections as re-enacted in 1 Comp. Laws 1929, §§ 4184, 4185 (Stat. Ann. §§ 9.488, 9.489) no longer contain the provision for assessment against the individual road district.

Local units of government derive their powers of taxation from the legislature. Their power to impose taxes cannot be exercised except in pursuance of express statutory authority. Unless authority for the defendant township and cities to make the reassessments demanded by plaintiffs can be found in the statutes, it does not exist. *People, ex rel. Detroit & H. Railroad Co.,* v. *Township Board of Salem,* 20 Mich. 452 (4 Am. Rep. 400); *Harsha* v. *City of Detroit,* 261 Mich. 586 (90 A. L. R. 853). What statutory authority is there for such reassessments?

Plaintiff cites Act No. 283, chap. 25, Pub. Acts 1909, as added by Act No. 266, Pub. Acts 1913 (1 Comp. Laws.1929, § 4255 *et seq.* [Stat. Ann. § 9.641 *et seq.*]) pointing out that under the provisions thereof taxes are authorized to be voted, levied and collected for road repair purposes, but that repairs are to be made before collection of such taxes. Plaintiff then cites 1 Comp. Laws 1929, §§ 4225, 4228 (Stat. Ann. §§ 9.593, 9.596) to the effect that repairs are required to be made when necessary, even though there be no moneys in the road repair fund, and 1 Comp. Laws 1929, §§ 4184–4186 (Stat. Ann. §§ 9.488–9.490) to the effect that highway orders issued in payment thereof are thereafter to be paid by the assessment, levying and collection of taxes. From this, plaintiff reasons that it is contemplated that advances for road repairs are to be made from the township general fund, which is to be reimbursed by subsequent levying and collection of taxes therefor in the road districts. In

the instant case, however, the road-repair taxes were levied in sufficient amount in the districts, but, due to default of property owners, collections were inadequate to reimburse the general fund in the amount for which plaintiff now demands a reassessment in the districts. No statutory authority for such reassessment is shown.

Act No. 28, Pub. Acts 1923,* as amended by Act No. 150, Pub. Acts 1931, under which the fire-protection district was created, provides for no re-assessment. Plaintiff relies, however, upon the amendment contained in Act No. 52, Pub. Acts 1933, which provides:

"Provided, however, That in the event that the collections received from such special assessment so levied to defray the cost of said fire protection shall be at any time insufficient to meet the obligations, or expenses incurred for the maintenance and operation of said fire department, that the township board of said township may by resolution authorize the transfer or loan of sufficient money therefor from the general fund of said township to said special assessment fire department fund, the same to be repaid to the general fund of the township out of special assessment funds when collected."

This amendment authorizes use of general fund moneys for fire protection when the amounts collected on special assessments for that purpose are insufficient and provides that the general fund shall be reimbursed from collections thereafter made on such special assessments. It does not provide for reassessment of the amounts uncollected on the original assessment for the purpose of reimbursing the general fund.

---

* See, as last amended in 1929, 1 Comp. Laws 1929, § 2460 *et seq.* —Reporter.

Much of the property contained in the fire-protection district and the road districts in 1932 is now within the corporate limits of the three defendant cities. No provision is to be found in the statutes authorizing either the township or the cities to reconstitute the property now contained in these cities into the old township road districts and fire-protection district and to make the reassessment thereon as such.

Under Act No. 130, Pub. Acts 1931 (as amended, see Comp. Laws Supp. 1940, § 4018-1 *et seq.*, Stat. Ann. § 9.141 *et seq.*), all the township streets and highways were incorporated into the county road system by 1938. Section 10 of the act provides:

"When the total mileage of the various townships has been incorporated into the county system the townships shall not thereafter levy any highway taxes for any purpose except that set forth in sections eight and eleven of this act."

Section 8 is inapplicable to the situation at bar. Section 11 permits levying of township highway taxes "when necessary to take care of obligations outstanding at the time this act takes effect." This exception clearly did not contemplate a reassessment to reimburse the general fund for township moneys theretofore advanced against assessments in the districts and expended to repair township roads.

Mandamus is a discretionary remedy and the writ is one of grace and not of right, to be issued only in case of a clear legal right on the part of plaintiff and a clear legal duty to be performed by defendant. See *McLeod* v. *State Board of Canvassers*, 304 Mich. 120; *Kosiba* v. *Wayne County Board of Auditors*, 320 Mich. 322, and cases therein cited. Such is not the situation before us.

The order dismissing plaintiff's petition and cross-plaintiff's cross petition for a writ of mandamus is affirmed, without costs, a public question being involved.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.