IRON COUNTY BOARD OF SUPERVISORS *v.*
CITY OF CRYSTAL FALLS

1. MANDAMUS—PURPOSE OF WRIT—OFFICERS—MANDATORY LEGAL
DUTIES—DISCRETION—APPEAL AND ERROR.

Mandamus is the traditional remedy for compelling public offi-
cials to perform mandatory legal duties and since the grant-
ing of that writ is discretionary with the trial court, the
Court of Appeals will not interfere unless there has been
a clear abuse of discretion.

2. MANDAMUS—ISSUANCE OF WRIT—REQUISITE CONDITIONS.

A plaintiff seeking a writ of mandamus must have a clear
legal right to performance of the specific act sought to be
compelled and defendant must have a clear legal duty to
perform that act, which must be a ministerial act, with
the duty to be performed being prescribed and defined by
law with such precision and certainty as to leave nothing
to the exercise of discretion or judgment.

3. MANDAMUS—MINISTERIAL DUTIES—REFUSAL TO PERFORM—EXCEP-
TIONAL CIRCUMSTANCES—EVIDENCE.

A writ of mandamus was properly granted to plaintiff county
board of supervisors to compel defendant city to levy and
collect a tax to pay interest and principal on unsold county
hospital bonds where plaintiff board's actions, if not legal,
were at least fair on their face and in good faith and defend-
ant city failed to demonstrate such extraordinary and excep-
tional circumstances as would justify its refusal to perform
its statutory ministerial duty of levying and collecting the
tax.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 34 Am Jur, Mandamus §§ 4, 40, 41.
[2] 34 Am Jur, Mandamus § 61 *et seq.*
[3] 34 Am Jur, Mandamus §§ 213–224.

Appeal from Iron, William F. Hood, J. Submitted Division 3 April 16, 1970, at Lansing. (Docket No. 8,849.) Decided April 24, 1970. Leave to appeal denied June 17, 1970. See 383 Mich 792.

Complaint for mandamus by the Iron County Board of Supervisors and Municipal Finance Commission, intervening plaintiff, against the City of Crystal Falls, a municipal corporation, and other corporations and persons, to compel defendants to levy and collect a tax. Writ granted. Defendants appeal. Affirmed.

*H. James Starr,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Maxine Boord Virtue* and *Milton I. Firestone,* Assistant Attorneys General, for intervening plaintiff.

*Wisti, Jaaskelainen & Bourland,* for defendants.

Before: R. B. Burns, P. J., and Fitzgerald and Van Domelen,[*] JJ.

Per Curiam. This is an appeal from a judgment entered in the circuit court of Iron County issuing a writ of mandamus directing defendants to proceed immediately with collection of a tax to pay the interest and principal on county hospital bonds yet unsold.

Plaintiff-appellee is the Iron County Board of Supervisors. Defendant-appellant is the City of Crystal Falls and the intervening appellee is the Municipal Finance Commission, which is represented by the Attorney General.

---

[*] Circuit Judge, sitting on the Court of Appeals by assignment.

On April 23, 1968, plaintiff adopted a resolution for the issuance of county hospital bonds in the amount of $1,600,000. The resolution recited that the electors of the county had voted on May 16, 1967, to authorize such an issue. The bond resolution further provided for bonds to be issued which would mature serially beginning May 1, 1970, with interest payable on May 1, 1969 and semiannually thereafter.

At its regular October Meeting, the plaintiff adopted a separate resolution specifically authorizing "a tax of $2.03 per $1,000 based on Iron County's 1969 state equalized valuation of $59,361,-645 on the 1969 tax rolls concerning debt service taxes on the hospital bond issue for the county of Iron, if legal."

Apportionment certificates were served upon each of the county townships, including the defendant, with the statutory direction to levy and collect the taxes as set forth. The defendants refused to levy the taxes. Consequently, plaintiff brought the action in the Iron County Circuit Court asking that a writ of mandamus be issued requiring defendants to levy and collect the taxes. The mandamus issued and defendants have appealed.

Mandamus is the traditional remedy for compelling the performance of mandatory legal duties by public officials. Clearly, the granting of the remedy is discretionary with the trial court. *Livonia Drive-In Theatre Co.* v. *City of Livonia* (1961), 363 Mich 438; *State Highway Commissioner* v. *Ottawa Circuit Judge* (1954), 339 Mich 390; *Hazel Park Racing Association, Inc.* v. *Racing Commissioner* (1953), 336 Mich 508; *City of Berkley* v. *Township of Royal Oak* (1948), 320 Mich 597; *De Young* v. *State Land Office Board* (1946), 316 Mich 61; *St. Ignace City Treasurer* v. *Mackinac County Treasurer* (1944), 310 Mich 108; *Powers* v. *Secretary of State* (1944), 309 Mich

530; *McLeod* v. *State Board of Canvassers* (1942), 304 Mich 120; *Tennant* v. *Crocker* (1891), 85 Mich 328; *Hall* v. *Risley* (1888), 69 Mich 596.

Only a clear abuse of its discretion warrants interference by this Court on appeal. *Kwaiser* v. *Peters* (1967), 6 Mich App 153; *Johnson* v. *Kramer Bros. Freight Lines, Inc.* (1959), 357 Mich 254; *Spalding* v. *Spalding* (1959), 355 Mich 382; *Detroit Trust Co.* v. *Sosensky* (1942), 300 Mich 353.

To support the issuance of mandamus, a plaintiff must have (1) a clear legal right to performance of the specific act sought to be compelled and (2) the defendant must have a clear legal duty to perform such act, which must be a ministerial act the duty to perform which is prescribed and defined by law with such precision and certainty as to leave nothing to the exercise of discretion or judgment. *Taylor* v. *Ottawa Circuit Judge* (1955), 343 Mich 440; *State Highway Commissioner* v. *Ottawa Circuit Judge, supra; Hazel Park Racing Association, Inc.,* v. *Racing Commissioner, supra; Detroit Board of Education* v. *Superintendent of Public Instruction* (1943), 304 Mich 206.

Defendant does not dispute these principles or claim that its duties are not ministerial or that appellants have no legal right to compel performance of tax collections. The defendant argues, however, that notwithstanding the above, mandamus should not issue to accomplish an admittedly illegal purpose, citing *Johnson* v. *Board of Supervisors of Ionia County* (1918), 202 Mich 597; and *Board of Supervisors of Cheboygan County* v. *The Supervisor of the Township of Mentor* (1892), 94 Mich 386.

A careful reading of these cases demonstrates that the circumstances must be "exceptionally extraordinary before a supervisor may refuse to perform a ministerial duty.

In the *Johnson* case, for example, a board of supervisors was required to collect a tax which had been held invalid 15 years before in a proceeding involving the same parties.   In the *Cheboygan* case, the conduct of the county board was found by the trial court to be intentionally and wilfully fraudulent and a gross outrage upon the rights of tax-paying citizens.

The present case is quite different.   Here, the actions of the county board, if not legal, were at least fair on their face and conducted in good faith.

As the Michigan Supreme Court said in *Cheboygan, supra,* "the circumstances must be exceptionally extraordinary which will justify the supervisor in refusing to comply with his statutory duty."

It cannot be said that the circumstances here fall within that classification.   Where the county board has acted in good faith with apparent fairness, those charged with ministerial duties in implementing the board's action must perform their duties.   *Cheboygan, supra; Common Council of Hudson* v. *Whitney* (1884), 53 Mich 158; *Laubach* v. *O'Meara* (1895), 107 Mich 29.

The defendant here has failed to demonstrate such exceptional and extraordinary circumstances as would justify its refusal to perform the ministerial duties in question.   A determination at this point of the legality of the board's action is unnecessary for the disposition of this appeal because more than mere illegality is required to justify the refusal to perform a ministerial act.

For these reasons, we are unable to say that the trial court abused its discretion by issuing the requested writ of mandamus.   Therefore, its decision is affirmed.   No costs, a public question being involved.