PARRAGHI v. PIZZIMENTI

MANDAMUS—MUNICIPAL CORPORATIONS—JOINT HOSPITAL AUTHORITY
—MEETING OF BOARD.
 Refusal of the trial court to issue a writ of mandamus to compel
the chairman of the board of directors of a joint hospital
authority to call a special meeting of the board for the elec-
tion of new officers was correct even though the plaintiff
had, in accordance with statute, submitted a written request
for the meeting signed by three directors where the request
was dated one day before a regularly scheduled board meeting
and where the board held regularly scheduled meetings each
month except during two months (MCLA 331.6).

Appeal from Wayne, James Montante, J. Sub-
mitted Division 1 November 5, 1971, at Detroit.
(Docket No. 12391.) Decided November 29, 1971.

Complaint for mandamus by Elmer Parraghi
against Donald J. Pizzimenti and Peoples Com-
munity Hospital Authority to compel the calling of
a special meeting of the board of directors of Peo-
ples Community Hospital Authority. Writ denied.
Plaintiff appeals. Affirmed.

*Henry Zaborowski,* for plaintiff.

*Cozadd, Shangle & Smith,* for defendants.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS
and O'HARA,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

---

REFERENCE FOR POINTS IN HEADNOTE
52 Am Jur 2d, Mandamus § 108 *et seq.*

PER CURIAM. Plaintiff is a member of the board of directors of the Peoples Community Hospital Authority, a public body corporate authorized by statute.[1] By a letter dated June 23, 1971, plaintiff and two other board members requested that Donald J. Pizzimenti, the chairman of the board, call a special meeting on July 15, 1971, for the express purpose of electing new officers. The chairman denied the request and pointed out that the rules and regulations adopted by the board provide for the election of officers in January or February of each year.

Plaintiff sought a writ of mandamus to compel the call of a special meeting; the writ was denied. Plaintiff appeals, relying principally on the following statutory language: "The chairman shall call a meeting at any time upon written request of 3 members of the board." MCLA 331.6; MSA 5.2456(6).

It is well settled that a trial court's refusal to issue a writ of mandamus will only be reviewed for abuse of discretion.[2] We find no abuse. While it is true that the statute requires the chairman to call a meeting at the request of three board members (with no qualifications regarding the purpose behind the request), we nevertheless feel that since the request was dated one day before a regularly scheduled board meeting, and since the board holds regularly scheduled meetings each month (save July and August) the trial court acted correctly in denying the request for a writ of mandamus.

Affirmed.

---

[1] 1945 PA 47; MCLA 331.1–331.11; MSA 5.2456(1)–5.2456(11).
[2] See *Iron County Board of Supervisors* v. *Crystal Falls*, 23 Mich App 319 (1970), and the cases cited therein.