KORTERING v MUSKEGON

1. MANDAMUS—CONDITIONS FOR ISSUANCE—BURDEN OF PROOF.

A writ of *mandamus* will issue only where plaintiff upholds his burden of proof by showing that he has a clear legal right to performance of the specific duty sought to be compelled, and the duty is imposed by law with such precision and certainty as to leave nothing to the exercise of discretion or judgment.

2. MANDAMUS—ABUSE OF DISCRETION.

It is not an abuse of discretion for a trial court to refuse to issue a writ of *mandamus* where plaintiff seeks to compel a city to hire street-crossing guards for school-age children on the basis of a statute requiring the city to maintain its streets in such a way as to keep them reasonably safe and convenient for public travel.

3. MUNICIPAL CORPORATIONS—AUXILIARY SERVICES—MANDAMUS.

The decision to provide or withhold auxiliary services in a city should be left to the discretion of city officials, and is not the proper subject matter of *mandamus.*

Appeal from Muskegon, John H. Piercey, J. Submitted Division 3 May 9, 1972, at Grand Rapids. (Docket No. 12891.) Decided May 26, 1972.

Complaint by Vernon D. Kortering, for himself and as next friend of Kathryn, Karyn, and David Kortering, minors, and on behalf of all other parents of school-age children and of all school-age children of Muskegon for *mandamus.* Summary judgment for defendant. Plaintiffs appeal. Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 52 Am Jur 2d, Mandamus § 63 *et seq.*

*Marcus, McCroskey, Libner, Reamon & Williams* (by *Vernon D. Kortering),* for plaintiffs on appeal.

*Poppen, Street, Sorensen & Engle,* for defendants on appeal.

Before: R. B. BURNS, P. J., and HOLBROOK and O'HARA,* JJ.

R. B. BURNS, P. J. This is a class action[1] brought by plaintiffs to compel the City of Muskegon to provide paid and trained guards at various highway crosswalks in the City to assist children at such crosswalks as they proceed to and from their schools. For many years prior to the 1971–72 school year defendant had utilized trained crossing guards. Plaintiffs appeal from the trial court's summary dismissal of their complaint.

Because of the nature of plaintiffs' requested relief, *i.e., mandamus,*[2] they were burdened with a high degree of proof. A writ of *mandamus* will issue only if plaintiffs prove they have a "clear legal right to performance of the specific duty sought to be compelled" and that defendant has a "clear legal duty to perform such act". *Toan v McGinn,* 271 Mich 28, 34 (1935); *Iron County Board of Supervisors v Crystal Falls,* 23 Mich App 319, 322 (1970). This Court will not interfere with the trial court's refusal to issue a writ of *mandamus* unless it is evident that such refusal constitutes a clear abuse of its discretion. *Spalding v Spalding,* 355 Mich 382 (1959); *Parraghi v Pizzimenti,* 37 Mich App 290 (1971).

In our view the trial court's decision to grant

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] See GCR 1963, 208.

[2] See GCR 1963, 714.

summary judgment to defendant on the ground that plaintiffs failed to state a claim upon which relief could be granted[3] was entirely proper.

In attempting to establish the "clear legal duty and right" preconditions to *mandamus* issuance, plaintiffs rely on MCLA 691.1402; MSA 3.996(102) which provides in part:

"Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel."

This statutory language does not impose a duty to provide crossing guards with "such precision and certainty as to leave nothing to the exercise of discretion or judgment". *Toan v McGinn, supra,* p 34; *Iron County Board of Supervisors, supra,* p 322.

The determination of providing general and auxiliary services by a city should be left to the discretion of the city officials. See *Cicotte v Damron,* 345 Mich 528 (1956).

Affirmed. No costs; a public question.

All concurred.

---

[3] See GCR 1963, 117.2(1).