## KOHN v WAYNE COUNTY

1. MANDAMUS—COURTS—PUBLIC OFFICIAL—PUBLIC DUTY—REQUIRED ACT.

    A writ of mandamus will not be issued unless it is demonstrated that a public official has a clear duty to perform the required act.

2. JUDGES—ASSIGNED JUDGES—SUPPLEMENTATION OF SALARIES—CONSTITUTIONAL PROVISION.

    The constitutional provision which allows a county to supplement the salaries of its circuit judges who regularly hold court there but preventing a county from paying one circuit judge more than another was created to eliminate salary disparities caused by staggered judicial terms; assigned judges were never intended to be included among the class of those to be protected by the provision (Const 1963, art 6, § 18).

3. STATUTES—JUDICIAL INTERPRETATION—LEGISLATURES—REENACTMENT WITHOUT CHANGE— PRESUMPTION.

    It must be presumed that where a statutory provision is reenacted without change in language the action was taken in light of prior judicial construction placed upon it and the drafters must be held to have adopted that construction.

4. STATUTES—JUDGES—ASSIGNED JUDGES—PROVISION FOR COMPENSATION—PROBATE JUDGES —DISTRICT JUDGES—IMPLIED EXCLUSION.

    The state statute which enables the Supreme Court to assign judges of the probate, district, and circuit courts to temporary assignments in other courts made express provision for additional compensation only for probate judges and, therefore, implied exclusion of district judges from the same treatment (MCLA 600.8212[1]).

REFERENCES FOR POINTS IN HEADNOTES

[1] 52 Am Jur 2d, Mandamus § 128 *et seq.*

[2, 4] 46 Am Jur 2d, Judges § 62.

[3, 4] 73 Am Jur 2d, Statutes §§ 22, 322–324.

Presumption that, in re-enacting statute, legislature adopted previous judicial construction thereof, as applied to construction by trial or intermediate appellate court. 146 ALR 923.

Appeal from Wayne, James L. Ryan, J. Submitted Division 1 February 12, 1975, at Detroit. (Docket No. 20349.) Decided March 12, 1975. Leave to appeal denied, 394 Mich 783.

Complaint for mandamus by C. Ralph Kohn, District Judge of Lenawee County, against Wayne County and the Wayne County Board of Commissioners and the Wayne County Board of Auditors for compensation at the rate applicable to circuit judges of Wayne County as a nonresident district judge sitting by assignment in the Wayne circuit. Complaint dismissed. Plaintiff appeals. Affirmed.

*Arthur M. Hoffeins,* for plaintiff.

*Aloysius T. Suchy,* Wayne County Corporation Counsel, and *Samuel J. Torina,* Assistant Wayne County Corporation Counsel, for defendants.

Before: D. E. HOLBROOK, P. J., and DANHOF and N. J. KAUFMAN, JJ.

N. J. KAUFMAN, J. Plaintiff appeals from the dismissal of his complaint for mandamus by Wayne County Circuit Court Judge James L. Ryan.

Plaintiff is a district judge in Lenawee County, in the second judicial district of Michigan. Having been assigned by the Court Administrator of the Supreme Court pursuant to RJA § 8212; MCLA 600.8212; MSA 27A.8212, *infra,* he served as a judge in Wayne County Circuit Court for 17 days from November 1, 1971 to November 24, 1971. For this service, he was paid $340 by Wayne County, at the rate of $20 per day. He refused tender of payment and brought an action for mandamus, claiming that he should have been paid the same salary for that period as an elected Wayne County

circuit judge, $894.44. The trial court dismissed his complaint and held that plaintiff was entitled to his regular pay as a district judge plus $20 per day as additional compensation for his service in Wayne County Circuit Court.

The issuance of a writ of mandamus depends on a showing that a public official has a clear legal duty to perform the required act. *Kortering v City of Muskegon,* 41 Mich App 153; 199 NW2d 660 (1972). The parties' arguments on appeal are identical to those made at trial and are focused on the second paragraph of Const 1963, Art 6, § 18. That paragraph provides:

> "Each of the judges of the circuit court shall receive an annual salary as provided by law. In addition to the salary received from the state, each circuit judge may receive from any county in which he regularly holds court an additional salary as determined from time to time by the board of supervisors of the county. In any county where an additional salary is granted, *it shall be paid at the same rate to all circuit judges regularly holding court therein."* [Emphasis supplied.]

Plaintiff contends that, under the terms of § 18, he was "regularly holding court" in Wayne County Circuit Court and, as such, should have been paid "at the same rate" as the other circuit court judges. He bases this contention on the law under which he was assigned to serve in Wayne County, RJA § 8212, MCLA 600.8212; MSA 27A.8212 which provides in relevant part:

> "(1) The supreme court, through its direct order or through the court adminstrator, may direct and compel any judge of the district court * * * to serve as a judge in any * * * circuit court * * * .
>
> * * *

"(2) Judges so designated shall hold court and fulfill the duties of the office just as they would had they been elected in the respective court for the time they were designated to serve."

Since a judge assigned to circuit court has the same powers and duties as elected judges, plaintiff contends, an assigned judge should be held to be "regularly holding court" in circuit court. Plaintiff reads the word "regularly" to mean "in compliance with some prescribed or adopted rule or order". The prescribed rule is RJA § 8212; MCLA 600.8212; MSA 27A.8212.

Defendants, as did the trial court, contend that only those judges elected in Wayne County are "regularly holding court there". Defendants cite as controlling the case of *Lamb v Board of Auditors of Wayne County,* 235 Mich 95; 209 NW 195 (1926). In *Lamb,* a circuit court judge from the 28th circuit was temporarily assigned to serve in the Wayne County circuit. Plaintiff sought to be paid the difference between his normal salary and the regular salary of Wayne County circuit court judges, to whom the county gave a salary supplemental to the money paid by the state. Plaintiff in *Lamb* also claimed that he was "regularly holding court" in Wayne County. After a lengthy discussion of the relevant 1908 constitutional provision, the Supreme Court held that the only judges "regularly holding court" in a circuit were those who had been elected there and denied plaintiff's claim.

*Lamb* is, thus, directly in point. Plaintiff claims, however, that the 1963 Michigan Constitution vitiated the holding in *Lamb.* The section interpreted by the *Lamb* court was essentially the same as the second paragraph in the present art 6, § 18, which we cited above. The 1963 Constitution preceded

that paragraph with a new section which requires
that:

"Salaries of justices of the supreme court, of the
judges of the court of appeals, of the circuit judges
within a circuit, and of the probate judges within a
county or district, *shall be uniform,* and may be in-
creased but shall not be decreased during a term of
office except and only to the extent of a general salary
reduction in all other branches of government." [Em-
phasis supplied.]

Plaintiff claims that, prior to the 1963 Constitu-
tion, the provision in question was designed to
assure that the salary supplement payable by a
county to circuit judges within a circuit would be
uniform and to apply only to judges elected within
the circuit. Plaintiff states that the paragraph
added in 1963 makes the same requirement, salary
uniformity, and pertains only to judges elected in
the circuit. Thus, unless the original paragraph
was changed in 1963, both sections require the
same things. Because such redundancy could not
have been intended, plaintiff argues, the provision
construed in the *Lamb* case must have been
changed to refer to all judges sitting in circuit
court, both elected and assigned.

Defendants respond that the paragraph added in
1963 did not change the provision interpreted in
the *Lamb* case. They note that the additional
paragraph does not refer to circuit courts alone
and that it was enacted to correct an inequity that
had existed prior to its enactment. Prior to its
enactment, in multi-judge circuits which provided
staggered terms for judges, a disparity in salaries
of circuit judges within the same circuit was

caused by increases in salary whose effective dates did not cover all judges equally. The 1963 enactment prohibited such a disparity. Thus, defendants claim, the provision construed in the *Lamb* case retained its purpose, that of allowing a county to supplement the salaries of its circuit judges but preventing the county from paying one circuit judge more than another.

We agree with defendants. A reading of the deliberations of the constitutional convention supports defendants' interpretation of art 6, § 18. The chairman of the committee which drafted the proposed article, Robert Danhof, stated to the convention delegates that the two paragraphs were "related but have separate problems" to cure. 1 Official Record, Constitutional Convention 1961, p 1528. He explained that the first paragraph of art 6, § 18 was created to eliminate the salary disparities caused by staggered judicial terms. Danhof stated that the second paragraph was retained from the 1908 Constitution to allow for counties to supplement the salaries of circuit court judges and to prevent salary disparities within a circuit. *Id.* p 1531. The drafters described the purpose of that section as one of protecting only the judges elected within a circuit from disparate treatment by the counties within that circuit. Assigned judges were never included among the class of those to be protected by the section.

The convention discussion clearly supports defendants' contention that the 1963 Constitution did not change the *Lamb* decision. The only change made by the convention was that of changing the pay period for circuit judges from "monthly" to "annual". One of the drafters, Mr. Wynne Garvin, referring to this change, stated: "This is merely an amendment to change the

language and not the effect." *Id.* p 1533.[1]

In addition, it is a well-established rule of construction that:

"[Where a statutory provision is reenacted without change in language,] it must be presumed that the action was taken in light of prior [judicial] construction placed [upon it]." *Van Antwerp v State,* 334 Mich 593, 604; 55 NW2d 108, 114 (1952).

This rule applies with equal force to constitutional provisions. *Stoliker v Board of State Canvassers,* 359 Mich 65; 101 NW2d 299 (1960). In adopting, without change, the language construed by the Supreme Court in the *Lamb* case, the drafters of the 1963 Constitution must be held to have adopted the *Lamb* construction.

The statute under which plaintiff was assigned to Wayne County Circuit Court, RJA § 8212, provides further support for defendants' position. That statute enables the Supreme Court to assign judges of the probate courts, district courts and circuit courts. Only with reference to probate judges assigned to district or circuit court, however, does the statute provide:

" * * * he shall receive additional compensation,

---

[1] We must note that one of the delegates, Mr. Paul Gadola, a former circuit judge, stated that

"You know, years ago the legislature passed an act that the visiting judges would receive the same pay as the local judges. The supreme court declared that unconstitutional, for which the present judges will be thankful." 1 Official Record, Constitutional Convention, p 1536.

Having examined the record of the proceedings, we cannot accept this view as accurate. There is no basis in the record for such a statement. Mr. Gadola was not on the committee which drafted the section in question. He apparently erroneously remembered *Lamb* as having struck down a statute which provided for equal payment for assigned judges. He read the last sentence of Art VI, § 18 to restore equal payment. That sentence, of course, was the same one construed by *Lamb* to prevent equal payment to assigned judges. That sentence was retained verbatim in the 1963 Constitution.

payable by the state, to the extent of the difference in the salaries paid by the state whenever his total salary is less than that of the circuit, probate or district judge he is replacing."[2]

This provision was part of the statute which created the district courts. When the Legislature made this express provision for probate judges it implied an exclusion of district judges from the same treatment.[3] This implication combined with the *Lamb* opinion and with the affirmation of the *Lamb* ruling by the 1963 Constitution provide the most cogent authority for the holding of the trial court here.

Affirmed. Costs to defendants.

---

[2] MCLA 600.8212(1); MSA 27A.8212(1), while in effect at the date of this opinion, this sentence has been deleted by 1972 amendment.

[3] Seemingly, at the time plaintiff served as a circuit judge, there existed no provision requiring that he be paid at all. RJA § 8212 provides only for the payment of probate judges. The section which defendants cite as requiring payment of $20 per day, RJA § 558(4); MCLA 600.558(4); MSA 27A.558(4) relates only to the compensation of circuit judges assigned to another circuit. Neither the law creating the district courts, 1968 PA 154, nor any other statute makes RJA § 558 applicable to assigned district judges. The reasons for paying an assigned circuit judge at a certain rate do not necessarily relate with equal force to district judges.

Neither party raised this problem, and, a 1973 amendment to RJA § 8212 cured the problem by providing for assigned judges to be paid at the daily rate of 1/250 of the difference between his normal annual salary and the annual salary of judges in the court to which he was assigned.